52 So.2d 412

## OPELIKA MONTGOMERY FAIR CO., Inc. v. WRIGHT.

### 5 Div. 506.

Supreme Court of Alabama.

April 26, 1951.

Walker & Walker, of Opelika, for petitioner.

Sadler & Sadler, of Birmingham, and Brown & McMillan, of Opelika, opposed.

500

BROWN, Justice.

Petitioner Ada Wright, suing as plaintiff in an action on the case against Opelika Montgomery Fair Company, Inc., had verdict and judgment for seven hundred and fifty dollars as damages for personal injuries resulting from a fall from the steps of a stairway onto a concrete floor in defendant's place of business in the City of Opelika, at which the public were invited to trade.

The complaint consisting of a single count, after averments of inducement showing that plaintiff was in said store as a customer—an invitee—raising a legal duty on the part of the defendant to maintain said stairway in a reasonably safe condition and that she fell therefrom and was injured, further avers, "stairway or steps * * * were then and there *negligently maintained* in said store by defendant for the use of its customers, *in a dangerous condition, that is with slippery treads thereon and without a handrail or post at the lower step or steps thereof* (cataloguing her injuries). The plaintiff alleges that all her said injuries and damages were proximately caused by reason of the negligence of the defendant in negligently failing to use due care to keep said premises reasonably safe for persons visiting the place by its invitation." [Italics supplied.]

The defendant demurred to the count on the following grounds, the only grounds treated in the opinion of the Court of Appeals, that "The facts alleged exact a higher duty of this defendant than that required by law.' * * *

"No facts are alleged showing how or in what respect the absence of a handrail or post at the lower step or steps constitutes negligence. * * *

. "The allegation that the defendant maintained said step or steps without a handrail does not show in and of itself that the defendant failed to exercise reasonable care to keep its premises in a reasonably safe condition. * * *

. "The complaint fails to allege that the slippery stairs and absence of a handrail near the lower step or steps were a consequence of any negligence on the part of the defendant." The trial court overruled the demurrer and the Court of Appeals on first consideration held that these grounds of the defendant's demurrer were well taken and reversed the judgment of the trial court for the error in overruling the same and adhered to this ruling in disposing of the application for rehearing.

The Court of Appeals was correct in holding that the effect of the judgment on demurrer entered by the circuit court was to deny the sufficiency of each and every ground of the demurrer and that if any one of them were good it was error to overrule the demurrer. A demurrer in pleading is a single entity and if it states a good ground it should be sustained. Guilford & Co. v. Kendall, 42 Ala. 651; Barrett v. Central Building & Loan Ass'n, 130 Ala. 294, 30 So. 347; McCreary v. Jones, 96 Ala. 592, 11 So. 600.

The gravamen of said count is that at the time the plaintiff fell and received her injuries the stairway or steps were "negligently maintained in said store by defendant for the use of its customers in a dangerous condition, *that is, with slippery treads and without a handrail or post at the lower step or steps thereof* * * * and that all of her said injuries and damages were proximately caused by reason of the negligence of the defendant in failing to use due care to keep said premises reasonably safe for persons visiting the place by its invitation."

The holding brought under review is: "The complaint in this suit conjunctively specifies the acts constituting negligence in this case as being the maintenance of stairs *'with slippery treads and without a handrail at the lower step'. Both the acts' or omission must therefore in themselves show or support negligence.*" [Italics supplied.]

■ There are two reasons why this holding was erroneous: (a). The grounds of demurrer do not specifically point out such defect. Code 1940, Tit. 7, § 236; Southern Indemnity Ass'n v. Hoffman, 16 Ala.App. 274, 77 So. 424; Allison v. Fuller-Smith & Co., 20 Ala.App. 216, 218, 101 So. 626. (b). The averments are conjunctive and when so construed if they neither show negligence as a matter of law nor suggest negligence as a matter of fact they are bad, but when construed conjunctively if they suggest negligence as an inference of fact, their sufficiency may be fully supplied by the averment that such acts were negligent. City Ice Delivery Co. v. Goode, 228 Ala. 648, 154 So. 775; Birmingham Ry. L. & P. Co. v. Barrett, 179 Ala. 274, 60 So. 262, 263; Pace v. Louisville & Nashville R. R. Co., 166 Ala. 519, 52 So. 52, 54; Birmingham Railway Light & Power Co. v. Gonzalez, 183 Ala. 273, 278, 61 So. 80.

It is not difficult to envision a stairway maintained with slippery treads without handrail would probably be more dangerous than one with slippery treads and handrail, the first suggesting that it was not reasonably safe, while the latter would be.

In the case of City of Birmingham v. Wood, 240 Ala. 138, 141, 197 So. 885, 887, the court dealing with a similar situation in respect to an averment in the complaint observed:

"The point made is that the alleged 'defect or elevation or raised place' is not described with such particularity as to show that it is capable of not being reasonably safe for use by the public. We agree that the complaint must allege enough particulars to show that it may be thus reasonably unsafe as alleged. Mobile L. & R. R. Co. v. Therrell, 205 Ala. 553, 88 So. 677.

"Whether those particulars may support the allegation of the inference from them that the place was not reasonably safe is a question of law to be raised by demurrer. West v. Spratling, 204 Ala. 478, 479 (4), 86 So. 32.

"Great particularity of detail is not necessary. It is sufficient to state enough detail to show that the location may be so defective as to be dangerous, and then to state that it was dangerous. 'Anything that may reasonably be expected to interfere with the safe use of a sidewalk by pedestrians is a defect.' City of Bessemer v. Whaley, 187 Ala. 525, 529, 65 So. 542, 543.

"The complaint in this respect properly interpreted means that the sidewalk was so defective by reason of an elevation or raised place, as not to be reasonably safe for use by the public, and that defendants negligently caused it to be so or negligently allowed it so to remain, so as to exist at the time of plaintiff's injuries, and to be the proximate cause of them. So interpreted, it is not subject to the objection now urged." See also City of Birmingham v. Monette, 241 Ala. 109, 112, 1 So.2d 1, 133 A.L.R. 1020, sustaining the sufficiency of count 1 in that case.

In City of Birmingham v. Comer, 239 Ala. 152, 154, 194 So. 498, 499, the court observed:

"The point is raised that this count joins two distinct causes of action in the same count: one, negligently allowing the chasm or hole to be at this point; two, negligently failing to place a warning signal or barrier for the protection of persons using the sidewalk. Clikos v. Long, 231 Ala. 424, 165 So. 394.

"The point is not well taken. The count sues for one injury at one time and place. The conjunctive averment of no barrier or warning device, is further descriptive of the conditions at that time and place, which taken together rendered it not reasonably safe for the pedestrian."

The utterance in the cast last cited is here pertinent. The conjunctive averment is not a statement of the *quo modo* of the alleged negligence but is merely descriptive of the *locus* of the. plaintiff's misfortune,—her fall and injury.

502

The holding of the court of appeals that the complaint was subject to the stated grounds of demurrer is, therefore, disapproved. 52 So.2d 404.

In the opinion of the court of appeals on rehearing the court concluded that the defendant was due the affirmative charge which it requested in writing and for the error in refusing said charge the judgment of the trial court should be reversed. After a careful reading of the opinion we are not able to affirm that it contains a full statement of all the testimony in the case. However, in approaching this phase of the case the court observed:

"Regardless of our conclusions on the pleading aspect, this cause is due to be reversed because of the insufficiency of the evidence tending to establish negligence on the part of the defendant, either as to the absence of the hand rail, or as to the improper maintenance of slippery treads on the stairway.

"We feel that what we have previously written in regard to the evidence relative to the hand rail, and the legal principles applicable thereto is sufficient to illustrate our views as to this feature of the case."

Then after quoting excerpts from the testimony of plaintiff and her witnesses; the testimony of defendant's expert (the architect) as to the plan of construction and the material used and his judgment or opinion as to its safety; excerpts from the testimony of defendant's employee Mr. Gunter and defendant's manager and his inspection of the steps shortly after plaintiff's fall, the court further observed as to the testimony of Mr. Wray, defendant's manager: "He further testified that the steps are swept, and about every two weeks washed with soap and water, and no other preparation was ever used upon them." The opinion of the court of appeals continues:

"There is no evidence presented by either side from which it could be reasonably inferred that there was any foreign substance such as wax or soap upon the steps. The negligence, if any, of the defendant must flow from the slipperiness of the steps inherent in their construction out of the terrazzo, a marble like substance. No evi-

dence was offered by the plaintiff tending to contradict Mr. Burkhardt's testimony that these steps were such as are commonly used in public and commercial buildings, were constructed according to his specifications, and based on his professional experience and training were of a type considered by him to be safe."

The court of appeals then further states: *"Was the defendant therefore guilty of negligence in installing such steps for use by the public?"* [Italics supplied.]

The inquiry posed was clearly foreign to the issues in the case, that is, was the defendant guilty of negligence in maintaining the stairway with slippery treads without a handrail extending to the bottom step?

■ The question as to whether the defendant in the light of the foregoing had the burden of going forward with the evidence is not determined by this opinion but is left an open question. Loeb v. Huddleston, 105 Ala. 257, 262, 264, 16 So. 714; Rogers v. De Bardeleben Coal & Iron Co., 97 Ala. 154, 12 So. 81; Chamberlain on Evidence, § 978; 22 C.J. p. 81, § 24; 31 C.J.S., Evidence, § 113. It has been the uniform ruling here that where the opinion of the court of appeals does not purport to set out all the evidence we will not review that court in its conclusion that the affirmative charge requested by the parties should or should not be refused.

The judgment of the court of appeals reversing the case is, therefore, affirmed.

Affirmed.

All the Justices concur.