61 So.2d 5

**EAST ALABAMA FROZEN FOODS & PROVISION CO. v. HOWELL.**

5 Div. 532.

Supreme Court of Alabama.

Aug. 27, 1952.

Rehearing Denied Nov. 6, 1952.

124

Denson & Denson and Yetta G. Samford, Jr., Opelika, for appellant.

Brown & McMillan and Roberts H. Brown, Opelika, and Knox M. McMillan, Auburn, for appellee.

**FOSTER, Justice.**

This case was tried on count 1 of the complaint as amended. In legal effect there is no material difference between the count before and after it was amended. It is based on the theory that plaintiff was an invitee upon defendant's premises. He was a meat inspector and defendant operated a slaughterhouse for killing and processing cows. In making an inspection plaintiff slipped on a slick floor and was injured. The claim was that defendant was negligent in not providing a reasonably safe place in which plaintiff was to perform his duty as inspector for the public health department. Ten Ball Novelty & Manufacturing Co. v. Allen, 255 Ala. 418, 51 So.2d 690; Opelika Montgomery Fair Co. v. Wright, 255 Ala. 499, 52 So.2d 412; Cox v. Goldstein, 255 Ala. 664, 53 So.2d 354; Lamson & Sessions Bolt Co. v. McCarty, 234 Ala. 60, 173 So. 388; Farmers' and Merchants' Warehouse Co. v. Perry, 218 Ala. 223, 118 So. 406.

The rule is clear and simply stated. No particular words are necessary to express the thought. It is not necessary, as appellant contends, to allege that defendant "negligently failed to use ordinary care". Negligence implies a failure to use ordinary care. 63 C.J.S., Municipal Corporations, § 911, page 326(c). It is not necessary to employ both terms. If defendant is alleged to have negligently failed to maintain a reasonably safe place in which plaintiff should perform his duties as an invitee, that is a sufficient allegation of negligence without another term meaning the same in legal phraseology.

The principal contention made is the refusal to give the affirmative charge for defendant.

The court correctly instructed the jury on the applicable legal principles and left them to decide whether defendant was negligent, and whether plaintiff was negligent, which proximately contributed to his injury.

The animal had been killed and was hanging by his hind legs over a saucer shape floor where his blood vessels had been stuck and the blood flowed to the floor and ran to a drain in the center. The saucer was then washed by turning water from a hose on it. This washing was done immediately after the bleeding stopped. Plaintiff stepped on this saucer after the bleeding and before it had been washed. It was very slick from blood and his feet slipped out from under him causing him to fall and sustain serious injuries. The negligence of defendant was apparently claimed to have been in not promptly washing off the blood. The negligence of plaintiff was claimed to have been in stepping on the bloody, slick and inclined floor in plain view. Both were jury questions, and were properly submitted to them.

We do not feel justified in reversing the judgment overruling the motion for a new trial. No other questions are presented.

Affirmed.

LIVINGSTON, C. J., and LAWSON, STAKELY and GOODWYN., JJ., concur.