189 So.2d 474

**CRAWFORD JOHNSON & CO., Inc.**

v.

**Joseph Leon DUFFNER.**

**6 Div. 34.**

Supreme Court of Alabama.

Aug. 4, 1966.

Bryan Chancey and Gordon & Cleveland, Birmingham, for appellee.

John H. Morrow and Bradley, Arant, Rose & White, Birmingham, for appellant.

680

COLEMAN, Justice.

Defendant appeals from a judgment granting plaintiff's motion for new trial in an action for personal injury to plaintiff allegedly resulting from defendant's negligence in failing to keep in a reasonably safe condition a certain gas fired boiler owned by defendant.

A tube in the boiler was leaking and defendant contracted with J. L. Duffner, Sr., who undertook to repair the leak. Plaintiff was an employee of Duffner. Plaintiff went inside the fire box and, while he was inside, the gas burners ignited and plaintiff was burned. Plaintiff contends that the burners were ignited because the gas and water were controlled by one switch which was extraordinary and not known to plaintiff or his employer. Plaintiff contends that such a switch constituted a defect or danger in the premises which defendant was bound to correct or warn against.

The jury returned a verdict for defendant and plaintiff filed motion for new trial. The trial court granted the motion because of error in giving defendant's requested charges 1, 7, 10, 33A, 34, and 35. The court expressed the opinion that the other grounds of the motion are not well taken.

Defendant appeals and assigns for error the granting of the motion. We will consider whether the giving of the enumerated charges was error to justify granting a new trial.

Defendant's given charge 35 recites:

"35. I charge you gentlemen of the jury that the defendant was under no duty to make its premises reasonably safe from hazards of which plaintiff's employer, J. L. Duffner, Sr., was fully aware, and if you are reasonably satisfied from the evidence that plaintiff suffered his injuries and damages as a proximate consequence of such a hazard, then your verdict must be for the defendant."

Defendant says that the duty, with respect to dangers that exist on the premises, owed by the owner of premises to the employees of an independent contractor who undertakes to do work on the premises of the owner, has not been heretofore precisely stated by this court. One facet of the question, however, was considered in United States Cast Iron Pipe & Foundry Co. v. Fuller, 212 Ala. 177, 102 So. 25, where this court quoted with approval from an earlier opinion as follows:

"* * * It may be conceded that a mine owner, who, for some benefit to himself, procures the working of his mine, even by an independent contractor, and therefore impliedly invites such contractor and his employés to enter and use such mining premises, is liable to them for personal injuries resulting from any condition of the premises which is inherently dangerous, if the owner had knowledge or notice of such condition and the contractor or his employés had not. (Citations Omitted.)" Connors-Weyman Steel Co. v. Kilgore, 189 Ala. 643, 645, 66 So. 609, 610.

The inference from the last quoted clause is that, if the independent contractor or his employees had knowledge or notice of a dangerous condition, the owner of the premises would not be liable for injury resulting from the condition.

Charge 35 is based on the proposition that the owner of premises performs and discharges his duty to the employees

of the contractor when the owner warns the contractor of the dangerous condition. It must reasonably follow that there is no duty on the owner to warn the contractor when the contractor is already fully aware of the danger. To require the owner to inform the contractor, of that of which the contractor is already fully aware, would be contrary to the rule that the law does not require the doing of a useless thing. It would be useless for the owner to inform the contractor of something the contractor already knows.

Other courts have considered the argument that warning to the independent contractor alone is not enough. The argument has been made that the owner cannot discharge his duty to the employees of the contractor merely by warning the contractor. It has been argued that the warning must be given to the employee himself.

In Hotel Operating Co. v. Saunders' Adm'r, 283 Ky. 345, 141 S.W.2d 260, action was brought against the owner of a building for death of the employee of an independent contractor who was electrocuted while repairing the wiring on an elevator in the building. Judgment was rendered for the plaintiff and the owner appealed. The appellate court reversed the judgment and decided that the owner was entitled to a directed verdict. The evidence showed that defendant had sent a letter to the contractor advising that the elevator was in a "very dangerous condition" and that the wiring of the elevator must be put in first class condition and the conduit of said wiring properly grounded. The appellate court said that this written, formal notice to the contractor was notice to the contractor's employee and was all the notice the employee could expect. The court said further that, after such a warning, the employee was charged in law with knowledge of the danger incident to the work he was undertaking and assumed the risk incident thereto.

In Gulf Oil Corporation v. Bivins, 5 Cir., 276 F.2d 753, the court considered the duty of the owner to employees of an independent contractor and stated the rule as follows:

"We are persuaded by both precedent and principle that the owner or occupier of particular property has a duty to warn the employees of an independent contractor who has undertaken to do work on the property, of dangers that are hidden on or inhere in that property, and that this duty is discharged if those in charge of the work for the independent contractor are given warning or have knowledge of the danger. * * *" (276 F.2d at page 758)

In Levesque v. Fraser Paper Limited, 159 Me. 131, 189 A.2d 375, where an employee of an independent contractor sought to recover from the owner of a shed for injury sustained when the employee fell through the roof which the contractor had undertaken to repair, the court said:

"We declare, therefore, that in this case, assuming a latent dangerous defect in the roof of the loading shed, of which defect the defendant had actual or constructive knowledge, and out of which defect and knowledge arose a duty on the part of the defendant to notify plaintiff or Contractor, such duty could be performed by giving notice of the danger actually or constructively known by it to be latent in the roof of the loading shed to the Contractor, or someone in charge of the operation on Contractor's behalf." (189 A.2d at pages 379 and 380)

In reversing a judgment for plaintiff in an action against the owner of a telephone pole for death of an employee of the lessee of the right to use the pole, where the employee was killed while working for the lessee and the pole fell, allegedly as the result of a defect in the pole, the court said:

"* * * Any duty on the part of defendant to warn of the condition of the pole would ordinarily be discharged when defendant notified all supervisory officials of the decedent. They knew what

employees of theirs had assumed such relationships to them that they would be put to work on this job. Defendant and all the world except these supervisory officials were ignorant of this knowledge. To require the defendant to attempt to learn the identity of each and every employee of the lighting company, who was and would be involved on this job, would not only be wholly unreasonable, but it would in all probability prove both futile and impossible since the supervisory officials of the lighting company might shift at any time, or be compelled to shift, the employees assigned to this work." Storm v. New York Telephone Co., 270 N.Y. 103, 110, 200 N.E. 659, 662.

The Supreme Court of Ohio has said:

"It may be impracticable and well nigh impossible for a large manufacturing enterprise to give individual notices of danger, surrounding the performance of the work to be done, to many hundreds of employees who may be working in its plant for independent contractors. Their presence in the plant and their identities may be unknown to the plant management. Any large industrial plant must necessarily have within its confines many potential hazards which can not be wholly eliminated and whose presence can not always be subject to notice. Each employee of an independent contractor is under the immediate direction and supervision of his own employer, and for this reason courts take the position that, where the employer of the independent contractor is not in immediate control of the employment area and does not participate in the operation thereon, notice to the independent contractor of hazards within the employment area is notice to his employees, as such independent contractor has the duty to transmit such notice or warning to his individual employees. Under such rule, if notice of dangerous conditions is given to the independent contractor, the employer of the contractor has performed his duty so far as it applies to the employees of the contractor.

(Citations Omitted.)" Schwarz v. General Electric Realty Corp., 163 Ohio St. 354, 126 N.E.2d 906, 910.

Where an employee of an independent contractor sued for personal injury resulting when a steel bar fell on the employee, the Supreme Court of Pennsylvania affirmed a judgment *non obstante veredicto* entered on motion of defendant and said:

"However, the disposition of the case need not rest upon proof that the contractor was expressly warned or notified of conditions that were potentially dangerous. This was not a case of a hidden or latent defect. The contractor as well as the defendant owner knew of the stacking of the bars and of the vibration caused by the operation of the plant. The contractor was, therefore, just as cognizant of the conditions existing as was the owner. The latter did not enjoy any superior knowledge and it was unnecessary for him to warn the contractor of conditions that were as obvious and appreciable in their import to the contractor as to the owner." Grace v. Henry Disston & Sons, 369 Pa. 265, 85 A.2d 118, 121.

See also: American Mutual Liability Ins. Co. of Boston v. Chain Belt Co., 224 Wis. 155, 271 N.W. 828; Turner v. West Texas Utilities Co., 5 Cir., 290 F.2d 191; Valles v. Peoples-Pittsburgh Trust Co., 339 Pa. 33, 13 A.2d 19; Engle v. Reider, 366 Pa. 411, 77 A.2d 621; Wellman v. East Ohio Gas Co., 160 Ohio St. 103, 113 N.E.2d 629.

In the instant case, the substance of charge 35 is that defendant, the owner, owed plaintiff no duty to make defendant's premises reasonably safe from hazards of which the independent contractor, J. L. Duffner, Sr., plaintiff's employer, was fully aware, and, therefore, plaintiff could not recover for injury received as the proximate consequence of such a hazard, because there would be no breach of any duty owed by defendant to plaintiff.

If plaintiff's employer, J. L. Duffner, Sr., was fully aware of the hazard which proximately caused plaintiff's injury, then it was the duty of plaintiff's employer to warn plaintiff of the hazard or to take reasonable steps, commensurate with the circumstances, to guard against injury to plaintiff from such a hazard.

On reason, and in the light of the authorities mentioned, we are of opinion that charge 35 is not an incorrect statement of the law. Even if the charge be abstract, or argumentative, or even misleading, the giving of such a charge is not, of itself, reversible error. Ray v. Richardson, 250 Ala. 705, 36 So.2d 89; Hatcher v. Camp, Ante Pg., 475, 187 So.2d 232.

We are of opinion that giving charge 35 was not a ground sufficient to justify granting the motion for new trial and that the trial court erred in granting a new trial on that ground.

Defendant's given charges 33A and 34 recite, respectively, as follows:

"33A. I charge you that the defendant was under no duty to protect the plaintiff from hazards which were inherent in the work plaintiff's employer contracted to perform and *which were known to plaintiff's employer,* and if you are reasonably satisfied from the evidence that the plaintiff suffered his injuries and damages as a proximate consequence of such a hazard then your verdict must be for the defendant." (Italics Supplied.)

"34. I charge you gentlemen of the jury that the defendant was under no duty to protect the plaintiff from hazards inherent in the work his employer, J. L. Duffner, Sr. contracted to perform *of which his employer was fully aware* and if you are reasonably satisfied from the evidence that the plaintiff suffered his injuries and damages as a proximate consequence of the existence of such a hazard, then your verdict must be for the defendant." (Italics Supplied.)

Charges 33A and 34 recite that defendant owes no duty to protect plaintiff from hazards of which plaintiff's employer was fully aware or which were known to plaintiff's employer. In so reciting, charges 33A and 34 are substantially the same as charge 35. We have already stated our reasons for holding that it was not reversible error to give charge 35. For the same reasons we hold it was not reversible error to give charge 33A or charge 34 and giving those charges was not good grounds for granting a new trial.

Defendant's given charge 1 recites:

"1. I charge you, gentlemen of the jury that the defendant owed the plaintiff no duty with reference to risks and dangers incidental to the work which plaintiff's employer had contracted to perform, and if you are reasonably satisfied from the evidence in this case that plaintiff suffered his injuries as a proximate consequence of a risk or danger inherent in the work which his employer contracted to perform, then your verdict must be for the defendant."

Charge 1 states that defendant owed plaintiff no duty with reference to dangers incidental to the work which plaintiff's employer had contracted to perform. We do not think the last stated proposition is a correct statement of the law.

We examine first the phrase, "dangers incidental to the work." What is the meaning of the phrase, what dangers are intended?

In Webster's Third New International Dictionary, 1961, G. & C. Merriam Company, page 1142, definitions of incidental are stated as:

"1: subordinate, nonessential, or attendant in position or significance: * *. b: being likely to ensue as a chance or minor consequence * * *."

So, it appears that dangers incidental to the work may include dangers attendant to

the work or dangers likely to ensue as a minor consequence of the work.

It is insisted by plaintiff that one of the dangers attendant upon the work was the danger that the furnace might ignite as the result of the by-passed gas valve, and that this danger or hazard was the proximate cause of plaintiff's injury. Can it be said that such a danger was not attendant to the work or not incidental to the work? We think such a danger may fairly be said to have been incidental to the work.

What of other defects, if any, on the premises? Suppose there were defects of which defendant was aware but which were hidden and not known to the contractor and were not such as he ought to know. Would the danger resulting from such defect be incidental to the work? We think such dangers may fairly be regarded as incidental to the work.

■ As to dangers from such defects, we think the owner of premises does owe a duty to the servants of an independent contractor. One court has stated the owner duty as follows:

"* * * 'The owner of premises is not responsible to an independent contractor for injury from defects or dangers which the contractor knows of, or ought to know of. But if the defect or danger is hidden and known to the owner, and neither known to the contractor, nor such as he ought to know, it is the duty of the owner to warn the contractor, and if he does not do this he is liable for resultant injury. The same rule applies to the servants of the contractor, and to the subcontractor and his servants.'" Hotel Operating Co. v. Saunders' Adm'r, 283 Ky. 345, 141 S.W.2d 260, 262.

■ We think the foregoing is the correct rule. Under that rule, the defendant does owe plaintiff a duty with respect to certain risks and dangers incidental to the work and charge 1, in reciting to the contrary, is an incorrect statement of the law.

Charges 7 and 10, given at defendant's request, are substantially the same as charge 1, and, in our opinion, are incorrect statements of the law.

We hold that giving charges 1, 7, and 10 was error to reverse and good grounds for granting plaintiff's motion for new trial, and, therefore, that the judgment granting a new trial is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.