**SCOTT PAPER COMPANY, Inc.,**
Appellant,

v.

**Kelsey L. COOPER,** Appellee.

**No. 25855.**

United States Court of Appeals
Fifth Circuit.

Nov. 20, 1968.

Sam W. Pipes, Irwin W. Coleman, Jr., Mobile, Ala., Lyons, Pipes & Cook, Mobile, Ala., of counsel, for appellant.

Joseph M. Matranga, Barry Hess, Mobile, Ala., Matranga, Hess & Sullivan, Mobile, Ala., of counsel, for appellee.

Before JOHN R. BROWN, Chief Judge, and RIVES and McENTEE*, Circuit Judges.

PER CURIAM:

Scott Paper Company appeals from a judgment based on a jury verdict in favor of Kelsey Cooper for injuries sustained when he fell some 80 feet in a boiler building being constructed for Scott Paper Company as a part of an extensive industrial plant. Cooper was employed by Independent Contractor O. B. Cannon, Inc. to paint the incomplete structure. Scott claims that it was not in possession of the premises at the time of the accident and therefore had no duty to warn Cooper of the fact that a grating was missing at the top of a flight of stairs. We sustain the jury's finding that Scott was in possession, had the duty to warn Cooper, and failed to discharge that duty. We affirm.

Basically, Scott raises two issues. First, it claims that the owner has no duty to warn an employee of an independent contractor of a known defect in the premises, unless the owner is in actual possession and control of the premises. Second, they claim that regardless of actual possession and control of the premises, the owner is relieved of the duty to warn individual employees of an independent contractor if the contractor has knowledge of the defect. Here, Scott claims that there was not enough evidence to warrant submission of these issues to the jury and that they were entitled to a directed verdict or judgment n. o. v.

At the time of the accident, Scott was having a new boiler building constructed at its Mobile, Alabama plant. Scott did not employ a general contractor, but let the numerous contracts itself and employed several independent contractors to perform the actual construction. Under the express terms of the various contracts between Scott and the independent contractors, Scott reserved general supervision and control of the work. It also reserved absolute control of the buildings and the construction zones. The control reserved in Scott was not only contractual but actual. Scott employed an engineer to supervise the work and it was through this engineer that Scott had either actual or imputed knowledge of the conditions leading up to the accident. There was more than enough evidence to warrant the jury's implied holding that Scott was in actual possession and control of the premises.

On the second issue, concerning the duty of owner-Scott to warn employees of the independent contractor of a known defect, Scott asserts that this is controlled by the decision of the Alabama Supreme Court in Crawford Johnson & Co. v. Duffner, 1966, 279 Ala. 678, 189 So.2d 474, which in turn approved ours in Gulf Oil Corp. v. Bivins, 5 Cir., 1960, 276 F.2d 753.[1] The *Bivins* approach recognizes that an owner has the duty to warn employees of an independent contractor of an undisclosed defect in the premises, however, this duty is satisfied if the owner gives notice to the independent contractor or if the independent contractor has or acquires actual knowledge of the defect. It proceeds on the theory that the owner can anticipate that the independent contractor will give adequate warning to its employees.

Although Cooper asserts that *Duffner*, supra, is less than *Bivins* because of the emphasis in the quotation from the Ohio decision in Schwarz v. General Electric Realty Corp., 1955, 163 Ohio St. 354, 126 N.E.2d 906, 910, presumably approved for Alabama, of control being out of the owner and in the independent contractor, the Trial Judge did not so think or charge. Consequently, we think it unwise to import at this time any such distinction into Alabama, for the facts

---

* From the First Circuit, sitting by designation.

1. Just recently the Texas Supreme Court has expressly chosen for Texas the Court's, not the dissenter's view. Delhi-Taylor Oil Corp. v. Henry, Tex., 1967, 416 S.W.2d 390.

here permitted the jury to find against Scott on this score.

■ The testimony of George Hill, superintendent in charge of production for O. B. Cannon, Inc., claiming that he learned of the defect by crossing the hole left by the missing grating shortly before the accident and that he was standing just six inches from the hole when Cooper fell, is indeed strong and if credited may presumably have required a judgment for Scott. But Cooper's testimony raises considerable doubts. For example, in contrast to Hill's insistence that he was close enough to reach out and touch Cooper the moment of the fall, Cooper testified that upon ascending the stairs he called to Hill and received an answer from somewhere behind the boiler. Other testimony about the physical situation, photographs, etc., permitted the jury to conclude that if Hill was indeed behind the boiler it is unlikely that he was on the level where the accident occurred. Of course, it was crucial to Scott's theory that Hill, for Cannon, knew of the exact defect. From Cooper's testimony and the description of the adjacent area given by Hill, Cooper, and Union Steward—Lowe, the jury could conclude that Hill had not observed or stepped over the grating opening at that level as Hill claimed. There was a substantial credibility gap. A genuine issue of a material fact— whether Hill had in fact traversed the opening and knew of this specific defect prior to the accident—was raised by this conflicting testimony.

■ The Trial Judge properly submitted this issue to the jury and in reaching their decision they chose to discredit Hill. On this implied fact finding that Hill did not have knowledge of the defect prior to the accident, the duty to warn Cooper remained on Scott Paper Co. Although Scott had actual knowledge of the defect for some time prior to the accident they failed to discharge that duty. Scott is therefore liable to Cooper for the injuries sustained when he fell some 80 feet.

Affirmed.