235 So.2d 799

Quinton VEAL

v.

Edwin F. PHILLIPS, d/b/a Phillips Oil
Company and Shell Oil Company.

5 Div. 898.

Supreme Court of Alabama.

May 28, 1970.

Walker, Hill & Gullage, and Phillip E.
Adams, Jr., Opelika, for appellant.

**656**

Miller & Hoffmann, Montgomery, for Edwin F. Phillips, d/b/a Phillips Oil Co.

Samford, Torbert, Denson & Horsley, Opelika, for Shell Oil Co.

MADDOX, Justice.

This appeal is from a judgment of the Circuit Court of Lee County, at law, granting a nonsuit to the appellant because of the adverse rulings of the court in sustaining the demurrers of both defendants to the appellant's complaint as last amended.

This was a suit brought by appellant, Quinton Veal, plaintiff below, to recover damages for personal injuries incurred by him while he was working for the appellees as an independent contractor on property owned and controlled by the appellees, defendants below.

Appellants assign several errors on appeal but argue only the action of the trial court in sustaining demurrers filed by both defendants to Count 3 of the amended complaint.

The decision must turn on the pleading question presented. Therefore, we set out here the allegations of Count 3 of the amended complaint:

"The Plaintiff, Quinton Veal, claims of the Defendants, Edwin F. Phillips, doing business as Phillips Oil Co., and Shell Oil Co., a corporation, the sum of Fifty Thousand and no/100ths ($50,000.) as damages for that on to wit, the 20th day of June, 1967, for an agreed valuable consideration the Plaintiff undertook to paint, for the mutual benefit of the Defendants and at the Defendants' request, a large upright cylindrical metal storage tank at the Shell Oil Bulk storage plant located at the premises known as 1425 First Avenue, in the City of Opelika, Lee County, Alabama, which undertaking included the scraping of said storage tank, the removal of old paint therefrom, the application of priming material, and the repainting of said storage tank, and on said date the Plain-

tiff commenced said work which required his standing upon a tall ladder or ladders to reach the upper portion of said storage tank; at said time said Defendants were in charge of said premises where the Plaintiff was required to perform his said work, and on said occasion said Defendants negligently caused or allowed said premises to be an unsafe place and to be in an inherently and highly dangerous condition for the Plaintiff to perform said work on said storage tank *in that* the exterior surface of said metal storage tank which was cylindrical in design was slick and slippery and in that the ground beneath and adjacent to said storage tank was strewn or littered with sharp or pointed pieces of metal or scrap iron, and the Plaintiff was unaware of said unsafe place and said inherently and highly dangerous condition; and on said occasion, while the Plaintiff was standing on a tall ladder or ladders undertaking said work on the upper portion of said storage tank, and as a proximate result of said slick or slippery surface of said storage tank, said ladder or ladders on which the Plaintiff was then standing as aforesaid were caused to slip, thereby causing the Plaintiff to fall to the ground, and as a further proximate result of the negligence of the Defendants as aforesaid, the Plaintiff was caused to sustain and he did sustain the following injuries and damages: (here the injuries were set out) * * *. And the Plaintiff further avers that all of his said injuries and damages were caused as a proximate consequence of the negligence of the Defendants in negligently causing or allowing said premises to be an unsafe place and to be in an inherently and highly dangerous condition for the Plaintiff to perform said work on said occasion, as aforesaid."

(Emphasis added) (Parenthesis added)

We will not set out the specific grounds of demurrer, but each defendant raised by demurrer (1) that the complaint failed to show that defendants owed any duty to the plaintiff; (2) that defendants breached this duty; (3) that the damages suffered by the plaintiff were proximately caused by defendants' breach of such duty; and (4) that the complaint failed to show an inapplicability of the Workmen's Compensation Laws.

Appellees contend that for aught appearing this is an action filed by an employee against his employer for injuries, and that the complaint should conform to the Workmen's Compensation Laws or else set up a state of facts showing the inapplicability of the law. The rule seems inapplicable here because the complaint shows on its face that the relationship of plaintiff and defendants was not that of employee and employers. Stanton v. Marsh, 274 Ala. 501, 150 So.2d 363 (1963); Thompson Tractor Co. v. Cobb, 283 Ala. 100, 214 So. 2d 558 (1968).

Plaintiff, in Count 3, elected to aver negligence in general terms, followed by averments of particular acts constituting the alleged negligence, and the particular acts alleged fail to constitute negligence. Under such circumstances, the complaint was demurrable.

Furthermore, the complaint fails to show wherein the defendants failed to do that which they should have done or that they did that which they should not have done. The complaint alleges that the defendants were "in charge" of the premises where plaintiff was injured. Assuming, without deciding, that one "in charge" of premises owes the same duty to independent contractors coming on the premises as does the owner of the premises, our decisions are to the effect that an owner of premises is not responsible to an independent contractor for injury from defects or dangers which the contractor knows of, *or ought to know of*. If the defect or danger is hidden and known to the owner, and neither known to the contractor, nor such as

**658**

he ought to know, it is the duty of the owner to warn the contractor and if he does not do this, of course, he is liable for resultant injury. Crawford Johnson & Co. v. Duffner, 279 Ala. 678, 189 So.2d 474 (1966).

While the complaint does allege that the "plaintiff was unaware of said unsafe place and said inherently and highly dangerous condition," there is no allegation that the alleged defect or danger *was hidden and known to the owner.* For aught that appears the plaintiff was just as cognizant of the alleged inherently dangerous condition, or should have been, as were the defendants. In fact, that plaintiff was "unaware" of the alleged dangerous condition of the premises does not mean that the alleged defects were hidden and latent. Plaintiff's lack of knowledge could have been the result of his own negligence.

Counsel for plaintiff earnestly insists that the complaint here specifically follows the averments of a complaint we held sufficient in Opelika Montgomery Fair Co. v. Wright, 255 Ala. 499, 52 So.2d 412 (1951), reversing Opelika Montgomery Fair Co. v. Wright, 36 Ala.App. 1, 52 So.2d 404 (1950). We have carefully examined the Opelika Montgomery Fair case and think it distinguishable from the case here. The complaint here shows that plaintiff was not a business invitee—as in *Opelika Montgomery Fair.* Also, the defendants' demurrer in *Opelika Montgomery Fair* was held by this court to fail to point out specifically the defect in the complaint in that action (255 Ala. at page 501, 52 So.2d 412). Furthermore, the factual differences between that action and the one here are substantial.

The action of the trial court sustaining defendants' demurrer to the complaint is without error, and the case is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON, MERRILL and HARWOOD, JJ., concur.