On November 14, 1975, Chrysler contracted with Engineered Maintenance Services (EMS), an independent contractor, for the installation of overhead compressed air lines and housing in Chrysler's plant in Huntsville. Under the contract, EMS was to furnish ". . . all Labor, Material, Tools, Equipment . . ." and to perform ". . . all work required to construct . . ." the compressed air piping system.
William G. Wells was employed as a welder by EMS on January 12, 1976. On January 15, 1976, while engaged in work for EMS at the Chrysler plant, Wells was injured as a result of a fall.
Wells climbed a 10-foot ladder supplied by his employer and then proceeded to climb storage bins on which were situated wire baskets used to contain products belonging to Chrysler. He stood in one of the wire baskets to perform his work approximately thirty feet above floor level. As he attempted to climb down, he supported his weight by holding onto the wire baskets. Before he reached the 10-foot ladder, two of the wire baskets broke loose from the metal bins under Wells' weight and he fell to the floor, approximately twenty feet.
At the time of the accident, there were two or three A-frame ladders owned or supplied by EMS on the job site. These ladders were of sufficient length to reach the work to be done at or near the ceiling of the building. One of these ladders was located within fifteen or twenty feet of Wells at the time of his injury. One man, or certainly two men, could move these ladders.
Wells did not attempt to use either of the ladders, nor did he ask anyone to help him move one to the place where he needed to reach the ceiling.
Wells received Workmen's Compensation benefits as a result of his injury and filed suit against Chrysler. His theory of liability is that, as an employee of an independent contractor, he was an invitee on Chrysler's premises, and Chrysler negligently failed to provide him with a safe place to work.
The case was tried to a jury, which returned a $50,000 verdict in favor of Wells and against Chrysler. Chrysler appealed. We reverse and remand. *Page 428 
Wells contends that Chrysler was negligent in failing to warn him of the danger involved in using the storage bins as a means of access to his place of work.
This court has defined the duty owed by an owner of premises to an independent contractor a number of times. Veal v.Phillips, 285 Ala. 655, 235 So.2d 799 (1970); and CrawfordJohnson and Co., Inc. v. Duffner, 279 Ala. 678, 189 So.2d 474
(1966):
 "The owner of premises is not responsible to an independent contractor for injury from defects or dangers which the contractor knows of, or ought to know of. But if the defect or danger is hidden and known to the owner, and neither known to the contractor, nor such as he ought to know, it is the duty of the owner to warn the contractor, and if he does not do this he is liable for resultant injury. Crawford Johnson Co. v. Duffner, 279 Ala. 678, 189 So.2d 474. . . ." (Emphasis Supplied) (285 Ala. at 656, 235 So.2d at 802).
Wells has failed, under this test, to show that Chrysler breached any duty to him. The metal baskets which he elected to climb on to reach the place where he performed his work were not supplied by Chrysler as a means of reaching the job site. They were used as storage bins for Chrysler's products. Wells' assertion that he used them to climb on because he has seen another employee of EMS do the same does not make Chrysler responsible for injuries resulting from such use unless it can be shown in some way that Chrysler, at the least, sanctioned such use. The record falls short of establishing by the evidence that Chrysler did sanction such use. To the contrary, the evidence shows that Wells' employer, EMS, was required by contract to furnish all equipment necessary to perform the job, and did so. Wells' failure to use that equipment does not cast a duty on Chrysler to undertake to supply equipment for the performance of the job undertaken by Wells' employer.
This case is factually dissimilar from Alabama Power Companyv. Henderson, 342 So.2d 323 (Ala. 1976). In that case, the evidence showed that the owner of the premises, Alabama Power Company, retained active control over the manner in which the work to be performed by the independent contractor was carried out and the methods used. There is no evidence in the instant case that Chrysler exercised any control over the performance of the work by EMS, Wells' employer.
We conclude, therefore, that, because the plaintiff Wells has failed to establish, by the evidence, a breach of any duty by Chrysler to him, the employee of an independent contractor, the judgment appealed from is reversed and the cause remanded for a new trial.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES, SHORES and BEATTY, JJ., concur.