362 So.2d 206 (1978)
Amy Jean EVANS
v.
Orville Eugene KENDRED et al.
Floyd Wayne EVANS
v.
Orville Eugene KENDRED et al.
77-195, 77-196.
Supreme Court of Alabama.
July 14, 1978.
Rehearing Denied September 8, 1978.
M. Clay Alspaugh, of Hogan, Smith & Alspaugh, Birmingham, McCain & White, Tuscaloosa, for appellants.
John A. Owens, of Phelps, Owens, Jenkins & Gibson, Tuscaloosa, for appellee, Hunt Oil Co.
SHORES, Justice.
Floyd Wayne Evans was employed by Fish Engineering and Construction Company (Fish) when he suffered personal injuries during the course of his employment. Fish was constructing an addition to an oil refinery pursuant to a contract with Hunt Oil Company. Evans was a pipe fitter; and his duties included threading 40-foot sections of pipe into pipe racks which were constructed by Fish pursuant to the plans and specifications prepared for Hunt by Walk, Haydel and Associates. At the time of his injury, a section of pipe was being positioned on the rack upon which Evans was standing by a crane from the ground to the rack. The crane was being operated by another Fish employee, Fred Knight. In deposition, Evans *207 said his injury occurred because Knight "boomed" the crane boom into him causing the pipe to slip, which knocked Evans to the ground.
Evans collected workmen's compensation benefits from Fish, and brought suit against Knight, and other supervisory personnel of Fish, alleging that his injuries resulted from the negligence of the crane operator, the negligence of the supervisory people in employing the crane operator (who had only one arm, and allegedly had a drinking problem), in failing to provide him a safe place in which to perform his work and failing to provide him with proper safety equipment.
Evans alleged that Hunt negligently provided or approved the plans and specifications of the project, failed to provide a safety plan, failed to provide safe premises, tools, etc., and failed to provide properly trained and physically capable and competent fellow workmen. He also alleged that the process of erection of the pipe racks and placement of pipe in them created an imminently and inherently dangerous condition, making Hunt liable for any injury resulting from this process.
Evans' wife filed a derivative suit against all defendants. The trial court granted motions for summary judgment in favor of all defendants. The court held that the actions against the co-employees of Evans were barred by Title 26, § 312, Code (now § 25-5-11, Code 1975), and by this court's holding in Childers v. Couey, 348 So.2d 1349 (Ala.1977).
As to the case against Hunt, the court wrote:
"As to Hunt Oil Company, the plaintiff contends that the accident occurred upon Hunt Oil Company premises, that Hunt Oil Company thereby had some duty to supervise the construction or some duty to prevent Fred Knight [the crane operator] from working or some duty to inspect or supervise the preparation of the specifications of the job upon which Evans was working to insure that there was no negligent or improper design which might produce the injury to Evans. The contract between Hunt Oil Company and Fish is a part of the Court file in this cause. The Court having considered the contract, the testimony given in depositions and all other matters finds that there was no duty and that there is no scintilla of evidence of any duty on the part of Hunt Oil Company to supervise the Fish employees or to exercise any control over them or that it had any right to exercise control over the same and that Fish Engineering and Construction Company was purely an independent contractor of Hunt Oil Company. That Hunt Oil Company did not prepare the plans and specifications but that these were done independently of Hunt Oil Company and inspected independently of Hunt Oil Company by independent contractors. The Court further finds that there is not a scintilla of evidence in the case that there was any negligence in the design of the project or in the plans or specifications or that any problem with the plans or specifications proximately contributed to the accident made the basis of this suit. The Court finds that in all respects applicable to this suit, Fish Engineering and Construction Company, Inc., was an independent contractor of Hunt Oil Company, that not a scintilla of evidence to the contrary has been presented and that summary judgment in favor of Hunt Oil Company is due to be granted."
The plaintiff argues that the trial court erroneously granted Hunt's motion for summary judgment because the court made a fact finding in holding that there was no evidence of negligence in the design of the project. The court did hold that there was no evidence of negligence in this regard. It correctly did so.
The evidence was undisputed that the plans and specifications were prepared at Hunt's request by an independent contractor, were submitted to Fish, which approved them, as did Hunt. However, there is no evidence from any source that the plans were defective or negligently prepared. Hunt is not shown by any evidence to have been negligent in approving the plans.
*208 There is no evidence by deposition or otherwise that Hunt exercised any control over Fish employees; and, in fact, the contract between Fish and Hunt precludes Hunt's supervision. It, in part, provided:
". . . FISH shall furnish all detailed engineering design, equipment, material, supplies, labor, supervision, tools and services . . ." Care, custody and control of the facilities shall pass to HUNT upon written `Ready-To-Purge' acceptance of the facilities by HUNT; or five (5) days after `Ready-To-Purge' notice unless FISH receives written notice as to why the facilities are not ready to purge; or when HUNT takes physical possession of the facilities for the purpose of operating the plant, whichever shall occur first.
". . .
"FISH shall be responsible, and shall provide all inspection services connected therewith, for inspection of all equipment, material and supplies used or to be used in the WORK and of all work performed by FISH.
". . .
"In prosecuting the WORK covered by this CONTRACT, FISH shall act as an independent contractor, maintaining complete control over and having full responsibility for FISH'S employees and the performance of all sub-contractors. . . ."
The undisputed evidence shows that Hunt's only inspection of the premises was to insure against fire hazards. Plaintiff's injury was not related to any fire hazard.
There is no dispute that the plaintiff was injured while performing his work as an employee of Fish, which was an independent contractor. He argues, nevertheless, that Hunt, which owned the premises, is liable for his injuries because the work which he was performing was inherently or intrinsically dangerous. There was no evidence before the court on motion for summary judgment that the work which the plaintiff was performing was inherently or intrinsically dangerous. Whether Hunt would be liable to an employee of an independent contractor had that been proved, we need not decide. Certainly, the work being performed by the plaintiff is not inherently dangerous as a matter of law and:
"Ordinary building operations or activities, including both construction and demolition, are generally not considered work of an inherently or intrinsically dangerous character rendering the employer-owner liable for injuries resulting from the negligence of an independent contractor in doing the work. . . ." 41 Am.Jur.2d, Independent Contractors, § 43.
In accord: Looker v. Gulf Coast Fair, 203 Ala. 42, 81 So. 832 (1919).
We have frequently defined the duty owed by an owner of premises to an independent contractor (and his employees). Chrysler Corporation v. Wells, 358 So.2d 426 (1978); Veal v. Phillips, 285 Ala. 655, 235 So.2d 799 (1970), where it was defined as follows:
"The owner of premises is not responsible to an independent contractor for injury from defects or dangers which the contractor knows of, or ought to know of. But if the defect or danger is hidden and known to the owner, and neither known to the contractor, nor such as he ought to know, it is the duty of the owner to warn the contractor, and if he does not do this he is liable for resultant injury. . ." (285 Ala. at 656, 235 So.2d 802)
We find no genuine issue of material fact and affirm the trial court in granting motion for summary judgment on behalf of Hunt.
We must, however, reverse the trial court in granting motions for summary judgment in favor of the other defendants, all co-employees of the plaintiff. Our recent decision in Grantham v. Denke, 359 So.2d 785 (1978), permits the plaintiff's action against co-employees and holds unconstitutional the legislative prohibition against such actions.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
*209 BLOODWORTH, FAULKNER, JONES, ALMON, EMBRY and BEATTY, JJ., concur.
TORBERT, C. J., and MADDOX, J., concur in part and dissent in part.
MADDOX, Justice (concurring, in part; dissenting, in part).
I concur with the opinion of the majority with the exception of that portion which permits a suit against a co-employee. I dissent as to that aspect of the opinion. See my dissent in Grantham v. Denke (1978), Ala.Sup., 359 So.2d 785.
TORBERT, C. J., concurs.