I agree that the applicable rule concerning the duty an employer owes to an independent contractor was correctly stated in Veal v. Phillips, 285 Ala. 655, 235 So.2d 799 (1970); seealso Glenn v. United States Steel Corp., 423 So.2d 152 (Ala. 1982) (holding that the owner owes the same duty to the independent contractor's employees). I also agree that assumption of risk is generally not a defense to wanton conduct. However, there is another reason for concluding that the giving of the charge concerning assumption of risk was error in this case. This reason would make it unnecessary for us to consider whether the defense of assumption of risk is a defense to a claim based on wanton conduct.
The rule in Veal and that applied in this case is stated as follows:
 "[A]n owner of premises is not responsible to an independent contractor for injury from defects or dangers which the contractor knows of, or ought to know of. If the defect or danger is hidden and known to the owner, and neither known to the contractor, nor such as he ought to know, it is the duty of the owner to warn the contractor and if he does not do this, of course, he is liable for resultant injury. Crawford Johnson Co. v. Duffner, 279 Ala. 678, 189 So.2d 474 (1966)."
285 Ala. at 657; 235 So.2d at 802.
While the rule on its face only establishes the duty an employer owes an independent contractor, I think it also subsumes the question of assumption of risk in establishing the duty. *Page 301 
In order to show that a plaintiff has assumed the risk, it must be established that the plaintiff knows and understands the risk and that his choice to incur it is entirely free and voluntary. W. Prosser, Handbook of the Law of Torts, § 68 (1971). "There is no assumption of risk where there is no knowledge of risk." Southern Railway Co. v. Chestnutt, 210 Ala. 282,97 So. 905 (1923). The rule establishing the liability or lack of liability of the owner is predicated on the same circumstance as some of the requirements for establishing an assumption of risk defense, that is, knowledge of defects or dangers by the injured party. One cannot know and appreciate the risk in a certain situation without having knowledge of the defect or danger that gives rise to the risk.
Therefore, because the rule governing liability under the facts of this case necessarily requires an analysis of what the independent contractor knew or ought to have known, an instruction on the defense of assumption of risk was inappropriate. The giving of such an instruction could only mislead and confuse the jury. The jury might well have concluded that while the owner would otherwise have been liable, the injured party's assumption of the risk was a defense.