MONROE, Judge.
The plaintiffs, Don Lawley and Derrick Bryant, appeal from a summary judgment entered for the defendant, Chevron Chemical Company, Inc.[1]
The record reflects that on November 1, 1991, Lawley and Bryant were employed by Mobile Gas Company. While on the job, Lawley and Bryant were in the process of installing new plastic pipe lines and purging the pipes of air, when an explosion occurred, injuring them. It is undisputed that the explosion was caused by a buildup of static electricity in the pipes; that utilizing certain safety precautions would have prevented the explosion; and that Lawley and Bryant did not utilize these precautions.
Lawley and Bryant sued Chevron, which had manufactured and distributed the pipe, alleging that Chevron was liable under the Alabama Extended Manufacturer’s Liability Doctrine (AEMLD) for failing to adequately warn of the dangers involved in purging the pipes. Although Chevron argues that the danger of explosions caused by static electricity is well known in the industry, both Lawley and Bryant contend that they were unaware of the danger. It is undisputed that there was no warning on the pipe itself.
*919 Lawley and Bryant argue that Chevron had a duty to adequately warn Mobile Gas, and that Chevron’s warning was inadequate. Chevron admits that the only “warning” it provides to purchasers is found in a 13-page bulletin that it provided to its customers on request. Page 4 of the bulletin contains the following “warning”:
“Before you start:
[[Image here]]
“spray plastic pipe with water and ground with a wet cloth to remove static electricity prior to cutting or tapping a pressurized line.
Lawley and Bryant also presented the affidavits of two experts, who testified that this “warning” was grossly inadequate.
It is well settled in Alabama that the supplier of an unavoidably unsafe product is subject to liability if the supplier

“fails to exercise reasonable care to inform [foreseeable users] of its dangerous condition or of the facts which make it likely to be dangerous.”

Purvis v. PPG Industries, Inc., 502 So.2d 714, 719 (Ala.1987) (emphasis in original), quoting Restatement (Second) of Torts, § 388(c) (1965). However, if the supplier has exercised reasonable care to inform the purchaser of the dangers, then the supplier can be relieved of liability even if the purchaser fails to provide this information to the ultimate users. Purvis, supra. Thus, Chevron could be relieved of liability if it used reasonable care to warn Mobile Gas of the dangers inherent in the use of its product, even if Mobile Gas did not pass this warning on to Lawley and Bryant, its employees.
In strikingly similar cases, the Alabama Supreme Court has held that the question of whether a warning was adequate was one of fact for the jury. See Hicks v. Commercial Union Ins. Co., 652 So.2d 211 (Ala.1994); Dunn v. Wixom Bros., 493 So.2d 1356 (Ala.1986). For instance, in Hicks, the plaintiffs husband’s employer purchased a pipe stopper. The manufacturer of the pipe stopper had provided operating instructions, which included a warning not to stand in front of the test plug while a pressure test was in progress. As the plaintiffs husband walked in front of the plug during testing, the pipe stopper dislodged and hit him in the head, killing him. Because the plaintiffs experts had testified that the manufacturer’s warning was inadequate, the Alabama Supreme Court ruled that the question of the adequacy of the warning was a question of fact for the jury, even though the warning had been provided to the plaintiffs husband’s employer and even though evidence was presented showing that the danger of a pipe stopper’s dislodging was commonly known in the industry. Hicks, 652 So.2d at 217.
Similarly, in Dunn, the plaintiff, a Birmingham police officer injured while operating a Honda motorcycle owned by the Birmingham Police Department, sued the Honda motorcycle company, alleging that Honda had failed to adequately warn of the dangers inherent in adding attachments to the handlebars of its motorcycles. The Supreme Court held that whether Honda had adequately warned the Birmingham Police Department was a question of fact for the jury, even though each motorcycle Honda had sold to the Department for a three-year period was accompanied by a manual that included a warning regarding the dangers involved in adding attachments to handlebars. Dunn, 493 So.2d at 1360-61. In addition, just as in Hicks, the Dunn court held that whether the warning was adequate was a question for the jury even though Honda had presented evidence showing that the danger of adding attachments to handlebars was common knowledge among experienced riders. Id.
Like the plaintiffs in Dunn and Hicks, Lawley and Bryant presented substantial evidence creating a genuine issue of material fact regarding the adequacy of Chevron’s warning to their employer, Mobile Gas, even though Chevron presented evidence showing that the danger of static electricity was known in the industry. We note that Chevron has not cited any case in which an Alabama court has held that a manufacturer was relieved of the duty to adequately warn because of an industry-wide knowledge of the inherent danger. Indeed, as discussed above, Alabama law appears to hold quite the opposite.
*920 We note that this ease is distinguishable from those cases upon which Chevron would have this court rely, in which the Alabama Supreme Court has held that manufacturers were not liable for failing to provide warnings to ultimate consumers. For instance, the Alabama Supreme Court has ruled that manufacturers and suppliers are sometimes relieved of the duty to warn the ultimate consumers because they are unable to determine the identity of the ultimate consumers, such as where the supplier of gas is unable to know who will remove gas from the pipeline. McGhee v. Oryx Energy Co., 657 So.2d 853 (Ala.1995) (however, the supplier in McGhee did, through its bill of lading, warn the original purchaser of the danger of odor fading, even though the original purchaser failed to relay this information to the ultimate consumer); see also Purvis, supra, in which the Supreme Court held that a supplier was not liable for failing to warn the ultimate consumer of the dangers of a dry cleaning solvent, where the supplier sold the solvent in bulk quantities and could not adequately warn the ultimate consumers because the original purchasers repackaged the solvent to sell it in smaller quantities. It is important to note that neither of these cases supports the contention that Chevron had no duty to adequately warn Mobile Gas. Indeed, there is no contention that Chevron was unaware that it was selling the pipe to Mobile Gas or that it was otherwise unable to provide Mobile Gas with an adequate warning.
In addition, we refuse to rely on other eases advanced by Chevron that are clearly inapplicable to this ease. See, Hill v. Metal Reclamation, Inc., 348 So.2d 493 (Ala.1977), (involving a negligence action brought by an employee against his employer and not involving in any way the manufacturer or its duty to warn); see also Crawford Johnson & Co. v. Duffner, 279 Ala. 678, 189 So.2d 474 (1966) (involving a premises liability claim brought by a repairman against the owner of the premises on which he was injured and not involving a manufacturer or its duty to warn).
Furthermore, we disagree with the dissent, which appears to advocate altering Alabama law by relieving manufacturers of the duty to warn. It is true that § 388(b) of the Restatement could be interpreted to provide that the manufacturer is not liable when it has no reason to believe that the consumers of the product will not realize its dangerous condition. However, the Alabama Supreme Court has previously decided not to interpret § 388(b) in this manner. Indeed, in Purvis, 502 So.2d at 719-20, our Supreme Court discusses § 388(b) at length, and holds that this section should be interpreted to mean that the manufacturer is not liable where it has made reasonable efforts to convey warnings. Indeed, in Purvis the court quotes a Fifth Circuit Court of Appeals decision which states that “ ‘to escape liability under clause (b), the supplier must have a reasonable belief that the user will learn of the chattel’s dangerous condition through such warning as the supplier may have furnished the third person.’ ” Purvis, 502 So.2d at 719, quoting Gordon v. Niagara Machine & Tool Works, 574 F.2d 1182, 1189 (5th Cir.1978) (expressly rejecting the interpretation of § 388(b) presented by the dissent). See also Purvis, 502 So.2d at 719 (for additional cases holding to the same effect). Neither Purvis, nor any other Alabama case thereafter, has adopted the interpretation of § 388(b) of the Restatement advanced by the dissent, which could explain the dissent’s failure to áte any supporting case law. Because this court should not revisit and second guess decisions previously made by our Supreme Court, we will not follow the suggestions of the dissent. See § 12-3-16, Ala.Code 1975.
Clearly, under Alabama law, Chevron had a duty to adequately warn Mobile Gas of the dangers inherent in the use of its product. Lawley and Bryant presented substantial evidence creating a genuine issue of material fact regarding whether Chevron adequately warned Mobile Gas. Therefore, the trial court improperly entered the summary judgment for Chevron.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES, J., concur.
CRAWLEY and THOMPSON, JJ., dissent.

. Lawley and Bryant originally sued Plexco, Inc., a subsidiary of Chevron, but later amended their complaint to drop Plexco as a defendant and to add Chevron Chemical Company as a defendant.