CRAWLEY, Judge,
dissenting.
It is undisputed that Price was an employee of Techmation, Inc., an independent contractor working at Meadowcraft’s plant. Meadowcraft manufactures wrought-iron furniture and accessories. Meadowcraft’s plant utilizes a complex series of conveyor belts that deliver boxes containing inventory items to delivery trucks located at the end of the conveyor belts. Meadowcraft had installed a computer system to operate the various conveyor belts. Meadowcraft hired Bama Handling Services, Inc., to install more conveyor-belt lines, and Bama hired Techmation, Inc., to modify the applicable computer programs and to install additional software to manage the new lines. Price worked for Techmation on-site at the Meadowcraft plant.
One of the primary problems with the new conveyor-belt lines was that malfunctions on the lines would cause the inventory boxes to clog the lines; when that happened, the entire system would shut down. This occurred on an occasion in January 1996, and Price testified that on that occasion he determined it was necessary to run *702 one box through the conveyor belt until it reached the “photo-eye” part of the software so that he could determine whether the software or the conveyor belt was causing the system to shut down. Price testified that he decided to climb onto the conveyor belt so that he could more closely observe the photo-eye. Price testified that he told a Meadowcraft employee to turn the conveyor belt on, and that he ran backward so that he could more or less remain in the same position as the convey- or belt operated. Price lost his footing as he ran backward, and his leg slipped between a gap in the rollers on the side of the conveyor belt. His leg was severely injured, and he was out of work for almost a year. Price then filed this lawsuit, alleging that Meadowcraft had negligently caused a safety roller to be missing on the conveyor belt and that the absence of that safety roller had caused his injuries.
The duty Meadowcraft owed to Price is as follows:
“ ‘[A]n owner of premises is not responsible to an independent contractor for injury from defects or dangers which the contractor knows of, or ought to know of. If the defect or danger is hidden and known to the owner, and neither known to the contractor, nor such as he ought to know, it is the duty of the owner to warn the contractor and if he does not do this, of course, he is liable for resultant injury. Crawford Johnson & Co. v. Duffner, 279 Ala. 678, 189 So.2d 474 (1966).’
“Veal v. Phillips, 285 Ala. 655, 657-58, 235 So.2d 799 (1970). This rule applies equally to those employees of the independent contractor on the premises engaged in work in furtherance of performing the contract.”
Glenn v. United States Steel Corp., 423 So.2d 152, 154 (Ala.1982) (emphasis omitted).
Price argues that Meadowcraft breached its duty to him by not warning him that a safety roller was missing on the side of the conveyor belt. Price presented evidence indicating that Meadowcraft had caused the safety roller to be removed and that he had had no knowledge of the alleged defect. His argument is misplaced. It is undisputed that Meadowcraft warned all the Techmation employees, including Price, not to attempt to climb onto the conveyor belt. Once Meadowcraft gave that warning, it did not have to further inform Price that if he violated its warning and did climb onto the conveyor belt that he could be injured because of the missing safety roller. It would not be logical to require Meadowcraft to give a further warning when Price violated the first warning.
Because I conclude that Meadowcraft satisfied its duty toward Price, I conclude that the trial court erred by submitting the issue of Meadowcraft’s negligence to the jury. I would reverse the judgment based on the jury verdict for Price.
THOMPSON, J., concurs.