Hayward Thompson appeals a decision of the trial court granting defendant's motion for judgment notwithstanding the verdict. The case was tried before a jury and a verdict for the plaintiff was returned in the amount of $30,000.00. Defendant filed a motion for JNOV, or in the alternative, motion for a new trial, having moved earlier for a directed verdict which was denied. In granting the motion for JNOV, the trial court judge stated that he found no liability on the part of the City of Bayou La Batre, and in the event liability existed, that the jury's award was grossly excessive. From that order, Thompson timely appealed.
Thompson was injured in the course of his employment as a laborer with Seaman Plumbing Company when a ditch in which he was working caved in and buried him alive. He sustained personal injuries and was hospitalized for ten days. Seaman Plumbing had been hired by Seafood Haven, a seafood industry in the Bayou La Batre area, to connect its sewage line to the main trunk line of appellee's sewer system. To accomplish this, Seafood Haven obtained the required permit from the City of Bayou La Batre to tie into its system. The excavation site was located outside appellee's city limits. Outside the city limits, appellee owned easements upon which its pipes were located.
Seaman Plumbing was owned by Glen Seaman, who was also the superintendent of the Sewer Department and city inspector for the appellee. The employees of Seaman Plumbing, including appellant, were on its payroll, and not the appellee's. No equipment of the appellee was used for the project. Appellee's connection with the project involved issuing the permit to Seafood Haven, owning the trunk line and the easement upon which it was located, and inspecting the work for conformity to the Southern Plumbing Code which had been adopted by the City of Bayou La Batre. Inspection occurred after the work was completed, but before the excavation was covered up.
When the accident occurred, Thompson was working in a ditch approximately nine feet in depth. Testimony at trial from both sides established that the portion of the ditch that caved in on appellant was not sloped or banked. Expert testimony noted that sloping or banking is required in ditches of a depth exceeding five feet as a safety precaution against cave-ins. At trial, Seaman acknowledged the necessity for sloping the ditch that caved in on appellant. Seaman was present at the time of the accident and observed the condition of the ditch before it caved in. Whether Seaman was there in his capacity as owner of Seaman Plumbing, or as city inspector of the appellee was contested vigorously at trial.
Appellant contends that the trial court erred in granting defendant's motion for JNOV. Appellant insists that a scintilla of evidence existed to support the jury's finding that Seaman was at the project in his capacity as city inspector and was, thus, an agent of the appellee. As city inspector, appellant contends that Seaman had the authority and duty, upon seeing the dangerous condition, to stop work on the project until the deficiency was corrected. It is the appellant's position that Seaman's failure to exercise his alleged authority was the proximate cause of the personal injuries received by Thompson. Appellant theorizes that this and other duties to provide for appellant's *Page 294 
safety arose because of the retention of control that appellee had over the project as evidenced by appellee's authority to order corrections to any work that did not comply with the city's plumbing code.
We see the following issue as dispositive of this appeal:
What was the nature of the duty, if any, owed by the City of Bayou La Batre to Thompson?
Appellant cites Alabama Power Company v. Henderson,342 So.2d 323 (Ala. 1976), in support of his position. We think the instant case is clearly distinguishable from our decision inHenderson. Our holding in that case is an exception to the usual rule of non-liability of a premises owner for the acts of an independent contractor. Generally, a premises owner is not liable for the torts of an independent contractor. State FarmMutual Automobile Ins. Co. v. Dodd, 276 Ala. 410, 162 So.2d 621
(1964). More recently, we held specifically that a premises owner owes no duty to the employees of an independent contractor regarding conditions that arise in the course of work on the contract. Pate v. United States Steel Corp.,393 So.2d 992 (Ala. 1981); Hughes v. Hughes, 367 So.2d 1384 (Ala. 1979). The general rule does not apply, however, if the premises owner retains or reserves the right to control the manner in which the independent contractor performs its work.Hughes at 1386. When the right of control is reserved, the relationship changes from one of premises owner and independent contractor to that of master and servant. Hughes v. Hughes,367 So.2d 1384 (Ala. 1979); Solmica of the Gulf Coast, Inc. v.Braggs, 285 Ala. 396, 232 So.2d 638 (1970); Moore-HandleyHardware Co. v. Williams, 238 Ala. 189, 189 So. 757 (1939).
In Henderson, we found sufficient control present to attach liability to the premises owner. There, Alabama Power Company, the premises owner, contracted to have a smoke stack built on its property by Custodis Construction Company. Henderson, an employee of Custodis, was severely injured when an improper mixture of concrete caused a form to buckle and the freshly poured concrete fell on him. Evidence in that case tended to show that Alabama Power had great authority, control and supervision over the work that caused Henderson's injury. Alabama Power had control over the kind and quantity of ingredients used in mixing the concrete; checked the suitability of each mixture; supervised pouring the concrete at the work site; and, periodically checked the concrete's rate of hardening. Henderson, 342 So.2d at 325.
We do not find as a matter of law that the amount of control retained by appellee in the instant case brings us within the scope of our decision in Henderson. Here, appellee neither owned the property, nor contracted for the work. Appellant stressed the fact that appellee retained the right to inspect the work of Seaman Plumbing for conformity to the Southern Plumbing Code. Whether or not Seaman had the authority as an agent of the appellee to inspect outside the city limits was disputed at trial. Nevertheless, even if we assume that he did, we are not convinced the right to inspect is substantial control. This court has held that the right to inspect to assure compliance with contract specifications does not by itself create liability for the acts of an independent contractor. Looker v. Gulf Coast Fair, 203 Ala. 42, 81 So. 832
(1919). More recently, we observed that reservation of the right to inspect for deviations from the contract did not constitute retention of the right to retain control over the manner of the work as contemplated by Henderson; and further, that retention of the right to inspect alone did not create a duty to inspect. Pate v. United States Steel Corp.,393 So.2d 992 (Ala. 1981). McQuillin notes that retention by a municipality of the right to inspect, in the absence of a non-delegable duty or the retention of substantial control over the work, does not vitiate the independent contractor relationship. McQuillin, Municipal Corporations, § 53.20 (a) (3d ed. 1977).
In order to predicate liability on the basis of a negligence action, the appellant must show a duty owing to him by the appellee, breach of that duty, and injury flowing to *Page 295 
appellant in consequence of that breach. Elba Wood Products,Inc. v. Brackin, 356 So.2d 119 (Ala. 1978); Sammons v. Garner,284 Ala. 131, 222 So.2d 717 (1969); Tennessee Coal, Iron R.R.Co. v. Smith, 171 Ala. 251, 55 So. 170 (1911). The appellant's failure to prove the first element of a negligence action allows us to pretermit discussion of the alleged excessiveness of the jury's award. The judgment of the trial court granting the JNOV when the defendant failed to establish a duty was proper, and, therefore, is due to be affirmed.
AFFIRMED.
FAULKNER, JONES, ALMON and EMBRY, JJ., concur.