This appeal challenges the trial court's summary judgment in favor of the defendants (employer and co-employees) on the plaintiff's (employee's) claim for intentional infliction of emotional distress. We affirm.
For a statement of the pertinent background facts, we quote a portion of the trial court's findings from a hearing on plaintiff's workmen's compensation claim (not in issue on this appeal):
 "The court finds that the employee, Robert Jackson, was an employee of Colonial Baking Company, Inc., and has been caused to suffer a chronic respiratory disability brought about by working in the flour environment . . . at the Colonial Baking Company in Montgomery, Alabama. His disability in the court's opinion is twenty-five percent (25%) to the body as a whole.
 "The court further finds that after the employer became aware of the employee's inability to work in a flour environment, the employer offered the employee a job as a truck driver delivering baked products in various places in the central Alabama area. The job would have removed the employee from working in the flour environment which gave rise to his medical problems. The evidence is abundant that the employee can and still does drive a vehicle and that the employer was willing to train the employee to drive the truck to deliver the baked products. Flour being an essential element of all baking operations, this job was one of the few that would allow the employee to continue work at the bakery at [wages comparable] to those that the employee had before his flour-related disability. Apparently, based on the advice of his attorney, he declined to accept the job without giving consideration to the fact that there was an offer to train him for the job. Nevertheless, the offer was declined."
The relevant inquiry, of course, is whether the evidence presents an issue of fact, which, if resolved in plaintiff's favor, would justify a claim premised on the tort of outrage, also known as the tort of intentional infliction of emotional distress. American Road Service Co. v. Inmon, 394 So.2d 361
(Ala. 1980), defines this theory of recovery:
 "We therefore join our sister states . . . in appreciating that willful wrongs, or those made so recklessly as to equate willfulness, authorize recovery in damages for the mental suffering caused thereby, and we now recognize that one who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress and for bodily harm resulting from the distress. The emotional distress thereunder must be so severe that no reasonable person could be expected to endure it. Any recovery must be reasonable and justified under the circumstances, liability ensuing only when the conduct is extreme. . . . By extreme we refer to conduct so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society." 394 So.2d at 365. See, also, Rice v. United Insurance Company of America, 465 So.2d 1100 (Ala. 1984); Garvin v. Shewbart, 442 So.2d 80 (Ala. 1983).
Jackson alleges that the defendants, his employer and certain co-employees, mistreated him during the course of his employment after learning of his respiratory problem. More particularly, Jackson points to an incident wherein certain co-employees requested that he climb a ladder and clean some overhead exhaust fans. Jackson refused, citing to his superiors his breathing disability. He says that his co-employees retaliated by reducing his work schedule twice until he had only a 32-hour work week. He asserts that his co-employees knew at the time that he was in danger of bodily injury, considering his respiratory problem as documented by his doctors; and that his loss of income and the pressure *Page 1312 
placed upon him by his superiors further caused him mental suffering.
We have carefully studied each of the plaintiff's allegations of specific conduct on the part of his employer and each of his co-employees, and we conclude that this conduct is not "so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society." 394 So.2d at 365. This is not to say that Mr. Jackson, as a natural incident of his work-related injury, did not suffer both physically and mentally; but we are unable to find that these facts, when viewed most favorably to him, support a claim against these appellees for intentional infliction of emotional distress.
AFFIRMED.
TORBERT, C.J., and SHORES, ADAMS and STEAGALL, JJ., concur.