The case of Pate v. United States Steel Corp., 393 So.2d 992
(Ala. 1981), is justifiably relied upon by Degussa in its excellent brief. In Pate, this Court affirmed a judgment based on a directed verdict in favor of United States Steel Corporation, because there was no evidence that it had reserved control over the manner in which the employees of an independent contractor performed their work. Pate has been frequently followed by this Court, and we have upheld directed verdicts and summary judgments where the actions of the premises owners were insufficient to demonstrate a retention of control over the manner in which the independent contractor's work was performed. Pugh v. Butler Telephone Co.,512 So.2d 1317 (Ala. 1987); Pickett v. United States Steel Corp.,495 So.2d 572 (Ala. 1986); Columbia Engineering Int'l, Ltd. v.Espey, 429 So.2d 955 (Ala. 1983); Weeks v. Alabama ElectricCooperative, Inc., 419 So.2d 1381 (Ala. 1982); Alabama PowerCo. v. Smith, 409 So.2d 760 (Ala. 1981); Thompson v. City ofBayou La Batre, 399 So.2d 292 (Ala. 1981).
It appears that there is some evidence that Degussa retained the right to, and did, control the manner in which the employees of the independent contractor performed their duties. Therefore, it is for the trier of fact to determine whether Degussa, as a fact, retained the right to, and did, control the manner in which the employees of the independent contractor performed their duties. If it did, then Degussa had a duty to provide Miller a safe place to work. If it did not, then Degussa had no such duty and there should be a verdict for Degussa.