585 So.2d 882 (1991)
Rogers THOMAS and Ethel Thomas
v.
PEPPER SOUTHERN CONSTRUCTION, INC., and Sears, Roebuck & Company.
1900119.
Supreme Court of Alabama.
August 9, 1991.
*883 Thomas J. Knight, Anniston, for appellants.
George C. Douglas, Jr. of Gaines, Gaines & Gaines, Talladega, for appellees.
ADAMS, Justice.
The plaintiffs appeal from a summary judgment entered in favor of the defendants, Pepper Southern Construction, Inc. ("Pepper Southern"), and Sears, Roebuck & Company ("Sears"). Rogers and Ethel Thomas sought to recover damages for injuries Mr. Thomas received in an accident while working as an employee of Crestview Plumbing and Heating Company. Crestview was doing some work on the expansion of the Sears store building in Oxford, Alabama, when a trench caved in, resulting in injury to Mr. Thomas. His wife, Ethel Thomas, sued for damages for loss of consortium. The plaintiffs contend that Pepper Southern, as general contractor for the job, and Sears, as premises owner, both assumed the responsibility for the safety of the project and that they negligently performed their duties; therefore, the plaintiffs contend, the summary judgment should not have been entered.[1]
Pepper Southern and Sears, on the other hand, argue that the summary judgment was proper, because, they say, Crestview was an independent contractor.
We wrote the following in Pugh v. Butler Telephone Co., 512 So.2d 1317 (Ala. 1987):
"Plaintiffs correctly state that whether a relationship is that of an independent contractor or master-servant depends on whether the entity for whom the work is being performed has reserved the right of control over the means by which the work is done. Sawyer v. Chevron USA, Inc., 421 So.2d 1263 (Ala.1982). In the absence of non-delegable duty, the mere retention of the right to supervise or inspect the work of an independent contractor as the work progresses to ensure compliance with the terms of an agreement does not operate to create a master-servant relationship. There must be a retention of control over the manner in which the work is done, before an agency relationship is created. Alabama Power Co. v. Beam, [472 So.2d 619, 625 (Ala. 1985) ]; Brown v. Commercial Dispatch Publishing Co., 504 So.2d 245 (Ala. 1987)....
"Our standard of review of a summary judgment granted in favor of a defendant requires us to review the record in a light most favorable to the plaintiff and to resolve all reasonable doubts against *884 the defendant. Harrell v. Reynolds Metals Co., 495 So.2d 1381 (Ala.1986); Burt v. Commercial Union Insurance Co., 489 So.2d 547 (Ala.1986); Autrey v. Blue Cross & Blue Shield of Alabama, 481 So.2d 345 (Ala. 1985)."
512 So.2d at 1318. Even considering the evidence in "a light most favorable to the plaintiff," we find that Crestview was an independent contractor and that no agency relationship existed between the parties to impose a duty on Pepper Southern and Sears with regard to the safety of Thomas. Therefore, for the reasons set forth below, we find that the summary judgment was proper.
This Court has set out the following rules:
"This Court has held that `"[c]ontrol is not established if the asserted [employer] retains the right to supervise the asserted [employee] merely to determine if the [employee] performs in conformity with the contract."' Williams v. Tennessee River Pulp & Paper Co., 442 So.2d 20, 21 (Ala.1983) (citations omitted) (brackets in Williams) (quoting Bloedel Timberlands Dev., Inc. v. Timber Indus., Inc., 28 Wash. App. 669, 674, 626 P.2d 30, 33 (1981))."
Spell v. ConAgra, 547 So.2d 501, 503 (Ala. 1989).
"The defendant's contractual right to enforce safety if a violation is observed does not, alone, constitute a voluntary assumption of the duty to inspect for safety. [Columbia Engineering Int'l, Ltd. v. Espey, 429 So.2d 955, 966 (Ala. 1983)]. Also, the defendant's having employees on the site to monitor contract compliance by the independent contractor will not impose a legal duty of safety inspection upon the defendant. 429 So.2d at 967-68."
Alabama Power Co. v. Williams, 570 So.2d 589, 591 (Ala.1990).
"[T]he general rule [is] that a premises owner owes no duty of care to employees of an independent contractor with respect to working conditions arising during the progress of the work on the contract. `The general rule does not apply, however, if the premises owner retains or reserves the right to control the manner in which the independent contractor performs its work.' Thompson v. City of Bayou La Batre, 399 So.2d [292] at 294 [1981]; Hughes v. Hughes, 367 So.2d [1384] at 1386 [1979]. `When the right of control is reserved, the relationship changes from one of premises owner and independent contractor to that of master and servant.' 399 So.2d at 294.
"A master-servant relationship is not created, however, when the owner merely retains the right to supervise or inspect work of an independent contractor as it progresses for the purpose of determining whether it is completed according to plans and specifications, and retains the right to stop work that is not properly done. Pate v. United States Steel Corp., 393 So.2d [992, 995 (Ala.1981)]."
Weeks v. Alabama Elec. Co-op., Inc., 419 So.2d 1381, 1383 (Ala. 1982).
"There is no duty to warn an invitee who has equal or superior knowledge of a potential danger. Quillen v. Quillen, 388 So.2d 985, 989 (Ala.1980). Further, a premises owner does not owe a duty of care to employees of an independent contractor with respect to working conditions arising during the progress of the work on the contract. Weeks v. Alabama Electric Co-op, Inc., 419 So.2d 1381, 1383 (Ala.1982)."
Alabama Power Co. v. Williams, 570 So.2d 589, 592 (Ala.1990).
In the present case, the depositions indicate that Pepper Southern had someone on the job site in order to make sure that the specifications of the job were carried out. The president of Crestview stated in his deposition that Crestview had control over the manner in which the job was performed, as long as the specifications in the contract were met. He further stated that Crestview had control over the number of employees that were maintained on the job site and that Crestview was responsible for the safety of its employees and the job area. The president of Crestview, as well as Mr. Thomas, stated that there were frequent *885 safety meetings held by someone with Pepper Southern. Mr. Thomas stated that at these meetings, the workers were reminded to wear their hard hats and safety shoes. He said that they were told that the failure to wear their hats and shoes would result in a $50 fine. Such meetings, however, do not indicate an exercise of control over the job site sufficient to present a jury question on this issue.
For the foregoing reasons, the judgment is hereby affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, STEAGALL and INGRAM, JJ., concur.
NOTES
[1] The Thomases settled their dispute as it related to Crestview Plumbing; therefore, Crestview's liability is not at issue in this appeal. We note that because this case was pending on June 11, 1987, the "scintilla rule," and not the "substantial evidence rule," is the standard by which the propriety of the summary judgment in this case will be judged. See Ala.Code 1975, § 12-21-12.