ADAMS, Justice.
James E. Briggins, the administrator of the estate of the deceased, Carolyn Brig-gins, appeals from a summary judgment in favor of defendant Shelby Medical Center. We reverse and remand with instructions.
The materials reviewed by the trial court on Shelby Medical Center’s motion, viewed in the light most favorable to the plaintiff, tend to support the following statement of facts:
On May 4, 1985, Carolyn Briggins was admitted to Shelby Medical Center through the emergency room, with complaints of abdominal pain. Ms. Briggins was initially examined by Dr. Algis Sidrys. However, because Dr. Sidrys could not admit Ms. Briggins to the hospital, he contacted Dr. Harry Phillips, a general practitioner, who had previously treated Ms. Briggins and who had staff privileges at Shelby Medical Center. Dr. Phillips admitted Ms. Briggins to the hospital. After an examination, Dr. Phillips suspected possible appendicitis. Dr. Phillips contacted Dr. Samuel Gillis, a surgeon, and requested a consultation. At that time Dr. Phillips also contacted Dr. Kirit Patel, an anesthesiologist and president of Alabama Anesthesia Associates. Dr. Phillips asked Dr. Patel to examine Ms. Briggins, because he suspected that Dr. Gillis. would perform an appendectomy. Dr. Patel and Mr. J.R. Stockton, a certified registered nurse anesthetist (hereinafter “CRNA”) and employee of Dr. Patel, performed a pre-operative examination and assessment of Ms. Briggins. Dr. Gillis then examined Ms. Briggins and diagnosed her condition as pelvic inflammatory disease and canceled any surgery for that day.
The next day, May 5, 1985, Dr. Gillis examined Ms. Briggins and decided to perform an appendectomy and possibly a hysterectomy. The anesthesia was administered by Mr. Stockton, CRNA. Although Dr. Patel had apparently intended to be present during the surgery, he was not contacted by Mr. Stockton and was not present during the operation. The administration of the anesthesia by Mr. Stockton without first notifying Dr. Patel apparently violated Alabama Anesthesia Associates’ policies. During the operation Ms. Brig-gins vomited. Mr. Stockton, with the help of Dr. Gillis, aspirated Ms. Briggins’s lar *914 ynx and the operation proceeded. On May 8, 1985, Ms. Briggins died.
Neither Mr. Stockton, Dr. Gillis, Dr. Phillips, nor Dr. Patel was an employee of Shelby Medical Center. Mr. Stockton was employed by Alabama Anesthesia Associates, Dr. Patel’s association, which had contracted with Shelby Medical Center to provide anesthesiology services to the hospital. Mr. Stockton was at one time employed by Shelby Medical Center as a CRNA. However, Mr. Stockton had been hired by Dr. Patel when he formed Alabama Anesthesia Services and entered into a contract with Shelby Medical Center to provide anesthesia services to its patients. Mr. Stockton apparently performed anesthesia services only at Shelby Medical Center, and he was a member of the affiliate staff.
On August 11, 1986, James Briggins sued Shelby Medical Center, J.R. Stockton, Alabama Anesthesia Associates, Dr. Gillis, Dr. Patel, and Dr. Sidrys, alleging that the individual defendants had been negligent and that their negligence had caused the death of Carolyn Briggins. The complaint alleged further that Shelby Medical Center and Alabama Anesthesia Associates were vicariously liable for the negligence of Mr. Stockton.
Dr. Sidrys and Dr. Patel separately filed motions for summary judgment, which were granted by the trial court. On October 12, 1990, Shelby Medical Center filed a motion for summary judgment. After oral argument, the trial judge granted Shelby Medical Center’s motion. The trial court’s order stated:
“It appearing that there is no genuine issue as to any material fact and that the defendant, Shelby Medical Center, is entitled to a judgment as a matter of law, the foregoing motion for summary judgment is granted. A summary judgment is rendered in favor of said defendant. ... It is determined by the court that there is no just reason for delay and it is directed that this judgment be entered as a final judgment under the provisions of Rule 54(b), ARCP.”
On appeal, James Briggins does not challenge the summary judgments in favor of the other defendants but appeals only the summary judgment in favor of defendant Shelby Medical Center. Therefore, we confine our inquiry to the propriety of that summary judgment.
The only issue raised with respect to that summary judgment is whether there was a genuine issue of material fact as to whether Mr. Stockton, CRNA, was an agent or servant of Shelby Medical Center at the time of the alleged negligence. Viewing the facts in the light most favorable to Briggins, the nonmoving party, we conclude that the facts upon which Shelby Medical Center’s motion was submitted to the trial court establish the existence of a genuine issue of material fact. Therefore, we must reverse the summary judgment.
In this case Briggins has alleged that Shelby Medical Center is vicariously liable for the negligence of the physicians who treated Carolyn Briggins. We must, therefore, point out that this Court has repeatedly held that summary judgments are rarely appropriate in negligence actions and that summary judgments in such cases will be reviewed cautiously. Yarborough v. Springhill Memorial Hospital, 545 So.2d 32 (Ala.1989); Mitchell v. Carraway Methodist Medical Center, 507 So.2d 498 (Ala.1987); Parker v. King, 402 So.2d 877 (Ala.1981). According to A.R.Civ.P. 56, in order to be successful on a motion for a summary judgment, the movant must establish that there is no genuine issue of material fact and that he is entitled to a judgment as a matter of law. From an examination of the facts upon which Shelby Medical Center’s motion was submitted, it is clear that it has not met that burden.
It is undisputed that Mr. Stockton was not an employee of Shelby Medical Center in May 1985. Briggins argues, however, that the mere classification of Mr. Stockton as an employee of Dr. Patel and Alabama Anesthesia Associates, and not as an employee of Shelby Medical Center, is not solely determinative of the question of whether he can be considered an agent or servant of Shelby Medical Center. We agree.
*915 Although Stockton is admittedly an employee of Dr. Patel and Alabama Anesthesia Associates, he may, nevertheless, be an agent or servant of Shelby Medical Center, and, thus, Shelby Medical Center may be vicariously liable for his actions taken while acting within the line and scope of his employment. In Stewart v. Bay Minette Infirmary, 501 So.2d 441 (Ala.1987), this Court addressed an analogous situation of whether a doctor, classified as an independent contractor, was, nevertheless, an agent of the hospital. In Stewart the facts before the trial court when it ruled on Dr. Davis and the hospital’s motion for summary judgment tended to show that Dr. Davis had full staff privileges at the hospital while he also maintained his own private practice. The affidavit of the hospital administrator stated that Dr. Davis was not an employee, agent, or servant of the hospital. In reversing a summary judgment for Dr. Davis and the hospital, this Court stated:
“Given the record before us, we cannot say as a matter of law that the evidence adduced in support of and in opposition to the motion for summary judgment does not present a genuine issue of material fact as to the plaintiffs claims against both defendants.”
Stewart, 501 So.2d at 444.
Similarly, in the present case, although Mr. Stockton was employed by Dr. Patel, he was on the affiliate staff at Shelby Medical Center and was subject to the hospital’s regulations and procedural guidelines. The facts tend to show that Stockton worked only at Shelby Medical Center. Moreover, the affidavits offered in support of Shelby Medical Center’s motion stated that Stockton was neither an employee, an agent, nor a servant of Shelby Medical Center. Shelby Medical Center contracted with Alabama Anesthesia Associates to provide anesthesia services to its patients, but nonetheless, maintained detailed guidelines as to the procedures and practices of the “Department of Anesthesia,” of which Stockton was a member. This case is like Stewart; we are unable to say that as a matter of law the facts do not present a genuine issue of material fact as to Stockton’s status as an agent or servant of Shelby Medical Center and as to Shelby Medical Center’s potential vicarious liability.
Shelby Medical Center argues that Briggins has not presented sufficient evidence to establish that it controlled Stockton in such a degree as to render him its agent. Pugh v. Butler Telephone Co., 512 So.2d 1317 (Ala.1987); Thompson v. City of Bayou La Batre, 399 So.2d 292 (Ala.1981). While Shelby Medical Center correctly states that Alabama law requires more than proof of a mere right of inspection and/or supervision to establish someone as an agent, we are of the opinion that in this case there is sufficient evidence to create a genuine issue of material fact as to the control exerted over Stockton by Shelby Medical Center and thereby create an issue of fact as to whether Stockton was an agent of Shelby Medical Center.
As stated above, Shelby Medical Center maintained detailed guidelines and procedural manuals concerning the duties and responsibilities of CRNAs. As an affiliate staff member of the hospital, Stockton was obligated to adhere to these guidelines or risk loss of his privileges. Furthermore, although Shelby Medical Center contracted out for its anesthesia services, those persons, including Stockton, who provided and assisted in providing anesthetic services were classified under the “Department of Anesthesia” and were obligated to adhere to the regulations and policies of that “department.” Last, Shelby Medical Center’s “Anesthesia Manual” listed Mr. Stockton as part of the “Department of Anesthesia,” listed under the heading “Staff Anesthetists — Full Time.” We conclude that the disputed facts as to the degree of control retained by Shelby Medical Center over Stockton’s work raised a question of fact as to Stockton’s status as an agent or servant. Therefore, the trial court’s entry of a summary judgment in favor of Shelby Medical Center was erroneous.
For the reasons set out in this opinion, the summary judgment in favor of Shelby Medical Center is reversed, and the case is *916 remanded for a trial on Briggins’s claims against Shelby Medical Center.
REVERSED AND REMANDED WITH INSTRUCTIONS.
HORNSBY, C.J., and ALMON, STEAGALL and INGRAM, JJ., concur.