A photograph was published on the front page of the March 6, 1991, issue of The Lee County Eagle newspaper depicting Mary Fitch lying in a bed at the East Alabama Medical Center and describing her as dying of cancer. When the photograph was published, Mary Fitch had been dead for two years. In February 1992, several members of Mary Fitch's family[1] sued the newspaper and other named defendants,[2] claiming damages for invasion of privacy, libel, and intentional infliction of emotional distress (the tort of outrage). On August 19, 1992, the defendants filed motions for summary judgment, which were granted by the trial judge. The plaintiffs appeal. We affirm.
We must consider whether the trial court erred in entering a summary judgment for the defendants on the three counts of the complaint: (1) invasion of privacy, (2) libel, and (3) the tort of outrage. Rule 56, A.R.Civ.P., sets forth a two-tiered standard for determining whether to enter a summary judgment. In order to enter a summary judgment, the trial court must determine: 1) that there is no genuine issue of material fact and 2) that the moving party is entitled to a judgment as a matter of law. In determining whether a summary judgment was properly entered, the reviewing court must view the evidence in a light most favorable to the nonmovant. See Turner v. SystemsFuel, Inc., 475 So.2d 539, 541 (Ala. 1985); Ryan v. CharlesTownsend Ford, Inc., 409 So.2d 784 (Ala. 1981). Rule 56 is read in conjunction with the "substantial evidence rule" (§12-21-12, Ala. Code 1975), for actions filed after June 11, 1987. See Bass v. SouthTrust Bank of Baldwin County,538 So.2d 794, 797-98 (Ala. 1989). In order to defeat a properly supported motion for summary judgment, the plaintiff must present "substantial evidence," i.e., "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. ofFlorida, 547 So.2d 870, 871 (Ala. 1989).
We have carefully examined the record in this case. As to the issue of privacy, the trial judge concluded correctly that the right of privacy is a personal right, and that this Court has not recognized a "relational right of privacy," under which the plaintiffs make their claim. Smith v. Doss, 251 Ala. 250,37 So.2d 118, 121 (1948); Abernathy v. Thornton, 263 Ala. 496,83 So.2d 235 (1955).
As to the libel claim, the trial judge held correctly that a libel claim is also a *Page 544 
personal claim, based upon publication of matter concerning the plaintiff, and, therefore, that the claim cannot be brought after the death of the alleged victim. Atkins Ford Sales, Inc.v. Royster, 560 So.2d 197, 200 (Ala. 1990); New York Times Co.v. Sullivan, 273 Ala. 656, 144 So.2d 25, 37-39 (1962),376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964); §§ 6-5-182 and6-5-462, Ala. Code 1975.
Finally, as to the issue of intentional infliction of emotional distress, or the tort of outrage, the trial judge correctly entered the summary judgment for the defendants.[3] In order to prove intentional infliction of emotional distress, the plaintiff must present substantial evidence of "conduct so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society."American Road Service Co. v. Inmon, 394 So.2d 361, 365 (1980); see Peddycoart v. City of Birmingham, 392 So.2d 536, 540
(Ala. 1980); Therrell v. Fonde, 495 So.2d 1046 (Ala. 1986). The plaintiffs failed to meet this burden.
For the reasons stated above, the judgment of the trial court is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ., concur.
[1] Cynthia Fitch, Mark Fitch, Connie Fitch, and Lena McCray. W.T. Fitch, Mary Fitch's divorced husband, also sued, but he later dismissed his claim.
[2] The other defendants were the newspaper's editor, Stan Voit; the East Alabama Healthcare Authority d/b/a East Alabama Medical Center ("EAMC"); and nurse Nancy Penaskovic. The Auburn Bulletin, Inc., the publisher of the Eagle, was later added as a party defendant by amendment.
[3] There is no cause of action for the negligent infliction of emotional distress in Alabama. Allen v. Walker, 569 So.2d 350,352 (Ala. 1990).