KENNEDY, Justice.
The plaintiff, Robert Lee Garner, appeals from a summary judgment in favor of the defendants, Hutcheson Construction Company and Southern Sash Supply, Inc.
A summary judgment is appropriate “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Rule 56(c), Ala.R.Civ.P. Once the moving party makes a prima facie showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to present substantial evidence *222 creating a genuine issue of material fact. Nipper v. Variety Wholesalers, Inc., 638 So.2d 778 (Ala.1994). In reviewing the motion, we must view the evidence and all reasonable inferences therefrom in a light most favorable to the nonmoving party.
Hutcheson Construction Company was renovating the Montgomery County Youth Facility. Hutcheson subcontracted with Southern Sash to supply and install security windows, doors, and frames and to clean up debris created by Southern Sash on the job site. Southern Sash then subcontracted with Benchmark Erectors, Inc., for Benchmark to install the frames for the security windows. Robert Gamer was employed by Benchmark when he was injured.
On the day of the accident, Craig Williams (the supervisor for Benchmark), John Ames (the supervisor for Southern Sash), and J.E. Burnett (the supervisor for Hutcheson), discussed the best way to move the frames into the youth facility. The frames each weighed 1,400 pounds. They decided that the best way to move the frames inside the facility before they were actually installed was to hand carry the frames, because the existing wall around the building prevented using a forklift or other equipment.
Benchmark had only four men working on the job that day. Burnett, realizing that four men could not safely carry the frames, volunteered Hutcheson employees to help Benchmark. The four Benchmark employees and four or five Hutcheson employees helped carry the eight frames inside the building. They leaned the frames against the walls, because the window openings had to be prepared for installation of the frames.
Burnett told Williams that he would provide Benchmark with extra help in installing the window frames. The Hutcheson employees supplied by Burnett aided Williams and the Benchmark employees in installing two or three window frames.
Later that afternoon, none of the Hutcheson employees was at the construction site. Williams decided that the Benchmark employees should try, on their own, to install the frames. The four Benchmark employees then attempted to install a window frame, without any additional help. While moving the frame into position, the men lost control, and the frame, along with another frame leaning against the wall, fell on Garner, injuring his femur and causing a compression fracture to his back.
The trial court properly entered the summary judgment in favor of Hutcheson and Southern Sash. Hutcheson did not owe a legal duty to Garner, because Hutcheson had not reserved the right of control over the work done by Benchmark as an independent contractor. Thomas v. Pepper Southern Construction, Inc., 585 So.2d 882 (Ala. 1991). Southern Sash owed no duty to Garner as an employee of Benchmark. In its contract, Southern Sash delegated to Benchmark all of its duty to install the windows.
Furthermore, Hutcheson did not assume a legal duty to Garner by allowing its own employees to aid the Benchmark employees in installing the frames. Garner presented no evidence that Hutcheson controlled or supervised the installation of the window frames. Rather, it appears that the Hutcheson employees were taking directions from Williams, the supervisor for Benchmark. Additionally, it was Williams who decided that he and the three Benchmark employees should attempt to move the window frame without any help and it was during that attempt that the accident occurred.
Based on the foregoing, we affirm the summary judgment.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES, and COOK, JJ., concur.