778 So.2d 813 (1999)
The BIRMINGHAM NEWS, INC.
v.
Teresa WATSON.
2971158.
Court of Civil Appeals of Alabama.
February 26, 1999.
Rehearing Denied May 21, 1999.
Gregg L. Smith of Carr, Allison, Pugh, Howard, Oliver & Sisson, P.C., Birmingham, for appellant.
David E. Hampe, Jr., Birmingham, for appellee.
ROBERTSON, Presiding Judge.
AFFIRMED. NO OPINION.
See Rule 53(a)(1) and (a)(2)(F), Ala. R.App.P.; Rule 12(h)(2), Ala.R.Civ.P.; Rule 19(a), Ala.R.Civ.P.; Johnston v. Fuller, 706 So.2d 700 (Ala.1997); Nipper v. Variety Wholesalers, Inc., 638 So.2d 778 (Ala.1994); and Old So. Life Ins. Co. v. McConnell, 52 Ala.App. 589, 296 So.2d 183 (1974).
YATES and MONROE, JJ., concur.
CRAWLEY and THOMPSON, JJ., dissent.
CRAWLEY, Judge, dissenting.
I conclude that the trial court erred by not entering a judgment as a matter of law for the Birmingham News on Watson's claim of invasion of privacy. The evidence indicates, at most, that only a few of Watson's co-workers learned of the incident between Watson and Lowery. Our supreme court has discussed the tort of invasion of privacy as follows:

*814 "Alabama has long recognized the tort of invasion of privacy. Smith v. Doss, 251 Ala. 250, 37 So.2d 118 (1948). It is generally accepted that invasion of privacy consists of four limited and distinct wrongs: (1) intruding into the plaintiff's physical solitude or seclusion; (2) giving publicity to private information about the plaintiff that violates ordinary decency; (3) putting the plaintiff in a false, but not necessarily defamatory, position in the public eye; or (4) appropriating some element of the plaintiff's personality for a commercial use. Norris v. Moskin Stores, Inc., 272 Ala. 174, 132 So.2d 321 (1961)."
Johnston v. Fuller, 706 So.2d 700, 701 (Ala.1997).
In this case, Watson alleges that the Birmingham News, through its agent, Derrick, invaded her privacy by giving publicity to the incident between her and Lowery. In Johnston, the supreme court further discussed invasion of privacy through publicity:
"The Restatement provides:
"`One who gives publicity to a matter concerning the private life of another is subject to liability to the other for invasion of his privacy, if the matter publicized is of a kind that
"`(a) would be highly offensive to a reasonable person, and
"`(b) is not of legitimate concern to the public.'
"Restatement (Second) of Torts § 652D. The comments to § 652D describe the key element of this tort, `publicity,' as follows:
"`"Publicity," as it is used in this Section, differs from "publication," as that term is used ... in connection with liability for defamation. "Publication," in that sense, is a word of art, which includes any communication by the defendant to a third person. "Publicity," on the other hand, means that the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge. The difference is not one of the means of communication, which may be oral, written or by any other means. It is one of a communication that reaches or is sure to reach, the public.
"`Thus it is not an invasion of the right of privacy, within the rule stated in this Section, to communicate a fact concerning the plaintiff's private life to a single person or even to a small group of persons.'

"Restatement (Second) of Torts § 652D cmt. a (1977) (emphasis added [in Johnston]). Accord Nobles v. Cartwright, 659 N.E.2d 1064, 1074 (Ind.Ct.App. 1995)."
706 So.2d at 703.
Watson failed to present substantial evidence to support her invasion-of-privacy claim against the Birmingham News based on publicity, because the evidence in this case indicates only that Derrick told a small group of people (a few of Watson's co-workers) of the incident between Watson and Lowery. I would reverse the trial court's denial of the News's motion for a judgment as a matter of law; therefore, I dissent.
THOMPSON, J., concurs.