**Robert EDMONSON and Barbara Edmonson, Plaintiffs,**

v.

**COOPER CAMERON CORPORATION, et al., Defendants.**

**Civil Action No. 2:03cv1194–T.**

United States District Court,
M.D. Alabama,
Northern Division.

Jan. 21, 2005.

**1104**

L. Andrew Hollis, Jr., Steven William Couch, Hollis & Wright, Birmingham, AL, for Plaintiffs.

Christopher Stanley Rodgers, John Patrick Strubel, Huie Fernambucq Stewart LLP, Edward Morris Holt, Jeffrey M. Grantham, Tony George Miller, Maynard, Cooper & Gale, P.C., Teresa Davidson Davenport, W. Scott McGarrah, III, McGarrah & Davenport, P.C., Birmingham, AL, for Defendants.

## OPINION

MYRON H. THOMPSON, District Judge.

In this diversity-of-citizenship lawsuit, 28 U.S.C.A. § 1332, plaintiffs Robert Edmonson and his wife Barbara Edmonson sued defendants Cooper Cameron Corporation, Southern Natural Gas Corporation, and El Paso Corporation asserting two claims: (1) as a result of the defendants' negligence or wantonness, Mr. Edmonson was injured when a seven-ton waterpipe struck him while working for Cooper Cameron on a work site owned by Southern Natural and El Paso; and (2) the defen-

dants breached an express or implied contract to provide safe working conditions to Mr. Edmonson, who was a third-party beneficiary of such agreement.

This case is now before the court on El Paso and Southern Natural's motion for summary judgment. For the reasons that follow, the motion will be granted.

## I. SUMMARY–JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Under Rule 56, the party seeking summary judgment must first inform the court of the basis for the motion, and the burden then shifts to the non-moving party to demonstrate why summary judgment would not be proper. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *see also Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115–17 (11th Cir.1993) (discussing burden-shifting under Rule 56). The non-moving party must affirmatively set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations or denials in the pleadings. Fed.R.Civ.P. 56(e).

The court's role at the summary-judgment stage is not to weigh the evidence or to determine the truth of the matter, but rather to determine only whether a genuine issue exists for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). In doing so, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

## II. FACTUAL BACKGROUND

On March 5, 2002, Cooper Cameron contracted with El Paso and its affiliate Southern Natural to perform mechanical maintenance work at El Paso/Southern Natural work sites. Under the terms of the general contract, Cooper Cameron agreed to be solely responsible for the safety of its employees and subcontractors.

On July 11, Cooper Cameron subcontracted with Mr. Edmonson's employer, Temporary Resource Provider, LLC (T.R.P.). Under the terms of the subcontractor agreement, T.R.P. agreed to provide Cooper Cameron with temporary personnel to perform maintenance and construction work; the agreement further stated that any such temporary personnel were deemed to be employees of T.R.P.

As a result of the subcontractor agreement, Mr. Edmonson and other T.R.P. workers were assigned to work for Cooper Cameron on an El Paso/Southern Natural work site. On September 25, 2003, while working as a millwright at the work site, Mr. Edmonson was injured when a metal waterpipe weighing several tons fell from a crane and struck him in the face.[1] Just before Mr. Edmonson was struck, his supervisor Hank Verrett, a Cooper Cameron employee, attempted to remove the water pipe from an air compressor engine by rigging it to a large crane. Verrett first secured the pipe to the crane with two large straps that were used to control the pipe's movement while it was suspended in

---

1. A millwright maintains and repairs stationary industrial machinery and mechanical equipment. Industrial/ mechanical millwrights are most often involved with install-ing, maintaining, repairing and removing machinery and equipment in industrial plants and factories.

air. Verrett then instructed Mr. Edmonson to help him remove the pipe.[2] As the pipe was being lifted, "for reason's unknown, the header strap disengaged from the crane hook and fell out onto the plaintiff." [3]

## III. DISCUSSION

As stated, Mr. And Mrs. Edmonson filed this lawsuit against El Paso and Southern Natural asserting two claims: (1) that Mr. Edmonson's injuries were the result of the property owners' negligent or wanton supervision and failure to provide a safe working environment, and (2) that the property owners breached an express or implied contract to provide safe work conditions to Mr. Edmonson, who was a third-party beneficiary of such agreement.[4] The court will now address the Edmonsons' claims in turn.

### 1. Negligence and Wantonness

■ Under Alabama law, there are four elements to establish a case of negligence or wantonness: (1) duty, (2) breach of duty, (3) proximate cause, and (4) injury. *Spain v. Brown & Williamson Tobacco Corp.*, 872 So.2d 101, 134 (Ala.2003).

■ As to the first element, El Paso and Southern Natural argue that summary judgment is due in their favor because, as mere property owners of the work site where Mr. Edmonson was injured, they did not owe him a duty of care.[5] "In Alabama, the existence of a duty is a strictly legal question to be determined by the court." *Wal–Mart Stores, Inc. v.*

*Smitherman,* 872 So.2d 833, 837 (Ala. 2003); *Ex parte Farmers Exch. Bank,* 783 So.2d 24, 27 (Ala.2000). The court need not speculate as to Alabama law in this area because "the principles regarding the legal duty of a premises owner to provide a safe place to work for employees of an independent contractor are well settled." *Weeks v. Alabama Electric Cooperative, Inc.,* 419 So.2d 1381, 1383 (Ala.1982); *see, e.g., Alabama Power Co. v. Smith,* 409 So.2d 760 (Ala.1981); *Thompson v. City of Bayou La Batre,* 399 So.2d 292 (Ala.1981); *Pate v. United States Steel Corp.,* 393 So.2d 992 (Ala.1981); *Hughes v. Hughes,* 367 So.2d 1384 (Ala.1979); *Evans v. Kendred,* 362 So.2d 206 (Ala.1978); *Chrysler Corp. v. Wells,* 358 So.2d 426 (Ala.1978). As a general rule, because there is no agency relationship between them, a premises owner owes no duty of care to employees of an independent contractor with respect to working conditions arising during the progress of the work on the contract. *Weeks,* 419 So.2d at 1383; *Thomas v. Pepper Southern Construction, Inc.,* 585 So.2d 882, 883 (Ala.1991). This no-duty rule is aptly explained as an illustration in the Restatement (Second) of Torts § 422:

"A, the owner of land, employs an independent contractor to construct a building on the land. The premises are turned over to the contractor, who is in full possession and control of them. While the work is in progress B, a workman employed by a subcontractor, is injured by falling into an excavation

---

**2.** Plaintiffs' response in opposition to defendants' motion for summary judgment (Doc. No. 92), exhibit A, Edmonson deposition, p. 35.

**3.** Defendant Cooper Cameron's brief in support of motion for final summary judgment (Doc. No. 54), p. 2.

**4.** The Edmonsons originally named T.R.P., LLC, as a defendant to this lawsuit. By

agreement of the parties at the pretrial conference, this court later dismissed T.R.P. without prejudice. (Doc. No. 83). Therefore, T.R.P.'s liability is not an issue now before the court.

**5.** Defendant Cooper Cameron's brief in support of motion for final summary judgment (Doc. No. 54), p. 10.

which the contractor has negligently left unguarded. A is not liable to B."

There are two notable exceptions to the general no-duty rule. First, the owner may be liable if it retains or reserves the right to control the manner in which the independent contractor performs its work. *Weeks*, 419 So.2d at 1383.

■ The Edmonsons, however, have not provided sufficient evidence to avail themselves of this exception. They contend that Mr. Edmonson had an agency relationship with El Paso and Southern Natural because the property owners retained the right to control the manner of the maintenance work and equipment used. The Edmonsons' argument, however, is contradicted by an express provision of the contract between the property owners and the general contractor, Cooper Cameron:

"Contractor [Cooper Cameron], directly and through its employees, shall perform all physical, mechanical and clerical work in any way connected with the Work, and shall retain full authority to direct and control the execution and performance of the Work, in general and in detail, so that Contractor is an independent contractor." [6]

Based on this unambiguous contractual term, the court finds that Mr. Edmonson did not have an agency relationship with El Paso and Southern Natural because the property owners did not retain the right to control the manner in which Cooper Cameron or its subcontractors performed the work.[7]

The second exception to the general no-duty rule is that, "if the defect or danger is hidden and known to the owner, and neither known to the contractor, nor such as he ought to know, it is the duty of the owner to warn the contractor, and if he does not do this he is liable for resultant injury." [8] *Hughes v. Hughes*, 367 So.2d 1384, 1386 (Ala.1979).

■ Even if the court assumes that the defect, namely the water in the pipe, was hidden and known to El Paso and Southern Natural, the Edmonsons must still

---

6. El Paso and Southern Natural's brief in support of motion for summary judgment (Doc. No. 51), exhibit C, alliance agreement, p. 5.

7. Admittedly, by the terms of the contract, El Paso and Southern Natural reserved the right to, from time to time, inspect the quality and progress of Cooper Cameron's work; this term, however, does not give rise to a duty of care. "[T]he mere retention of the right to supervise or inspect the work of an independent contractor as the work progresses to ensure compliance with the terms of an agreement does not operate to create a master-servant relationship. There must be a retention of control over the manner in which the work is done, before an agency relationship is created." *Thomas v. Pepper Southern Construction, Inc.*, 585 So.2d 882, 883 (Ala. 1991); *see also Alabama Power Co. v. Beam*, 472 So.2d 619, 625 (Ala.1985).

8. According to the Edmonsons, "a premises owner has a duty to warn of hidden dangers. If a defect or danger is hidden and known to the owner, and the (sub)contractor does not know, the owner has a duty to warn the (sub)contractor." Plaintiffs' response in opposition to defendants' motion for summary judgment (Doc. No. 92), p. 18. The court notes that, by omitting the contractor-knowledge qualification to the hidden-danger exception in the brief, the Edmonsons have rather conveniently misquoted a well-settled rule of Alabama law. *See, e.g., Crawford Johnson & Co. v. Duffner*, 279 Ala. 678, 680, 189 So.2d 474 (Ala.1966) ("[I]f the independent contractor or his employees had knowledge or notice of a dangerous condition, the owner of the premises would not be liable for injury resulting from the condition."); *Glenn v. United States Steel Corp.*, 423 So.2d 152, 155 (Ala.1982) (finding no landowner duty where supervisory personnel of the contractor were "fully aware" of the danger that cause the plaintiff's injury); *Pickett v. United States Steel Corp.*, 495 So.2d 572, 576 (Ala.1986).

present evidence that its presence was "neither known to the contractor, nor such as he ought to know." *Id.* It is undisputed that a Southern Natural employee told Verrett, who worked for general contractor Cooper Cameron, that the pipe contained the water.[9] There is also sufficient evidence that T.R.P. knew about the water; as the Edmonsons admit, T.R.P. subcontractors noticed the pipe teetering on the water side and alerted Verrett of their concerns.[10] After carefully reviewing Alabama law and the record in this case, the court therefore holds that El Paso and Southern Natural did not owe a duty of care to Mr. Edmonson when he was injured. Because the Edmonsons are unable to establish a case, the property owners' summary-judgment motion on the Edmonsons' negligence and wantonness claims will be granted.

## 2. Breach of Contract

The Edmonsons' second claim is that, by failing to provide a safe work environment, El Paso and Southern Natural breached the alliance agreement with Cooper Cameron. Though not actual parties to that contract, the Edmonsons argue that they may recover for the contractual breach because Mr. Edmonson was an intended third-party beneficiary of the contract.

This court, however, need not decide whether the Edmonsons' contract claim should survive summary judgment on the issue of intended third-party-beneficiary rights. For now, the court assumes that Mr. Edmonson was an intended third-par-

ty beneficiary to the contract between the property owners and the general contractor, Cooper Cameron.

However, the assumed fact that the Edmonsons, as third-party beneficiaries, have a right to *sue* on the contract does not necessarily mean that they have a right to *recover* against the property owners. The Edmonsons must still demonstrate that El Paso and Southern Natural breached by failing to perform some contractual duty; they have failed to do so. The terms of the contract provide, in relevant part, that:

> "Contractor shall take all necessary precautions for the safety of the employees at the work site and shall comply with all applicable provisions of federal, state, and municipal safety laws to prevent accidents or injuries to persons or damage to property on, or about, or adjacent to the premises where the Work is being performed."

.   .   .   .   .

> "Such employees shall be the sole responsibility of Contractor." [11]

It is clear from the record that the contracting parties delegated the duty to ensure safe work conditions to Cooper Cameron—not El Paso or Southern Natural. A party cannot breach where there was no contractual duty to perform the omitted conduct in the first place. As such, while the Edmonsons may have been third-party beneficiaries, only Cooper Cameron, not El Paso and Southern Natural, would be liable for the breach of any duty of safety owed to them. The court therefore concludes as a matter of law that El Paso and Southern Natural did not breach the contract.[12] El Paso and South-

---

9. El Paso and Southern Natural's brief in support of motion for summary judgment (Doc. No. 51), exhibit A, Verrett deposition, p. 81.

10. Plaintiffs' supplemental response in opposition to defendants' motion for summary judgment (Doc. No. 92), p. 16.

11. El Paso and Southern Natural's brief in support of motion for summary judgment (Doc. No. 51), exhibit C, alliance agreement, p. 5.

12. To be sure, the court's conclusion here as to the Edmonsons' contract claim against the property owners is not to say that they may not recover for the contractual breach, if any,

ern Natural's summary-judgment motion on the Edmonsons' breach-of-contract claim will be granted.

An appropriate judgment will be entered.

## JUDGMENT

In accordance with the memorandum opinion entered today, it is the ORDER, JUDGMENT, and DECREE of the court that:

(1) Defendants Southern Natural Gas Corporation and El Paso Corporation's motion for summary judgment (Doc. no. 50) is granted.

(2) Judgment is entered in favor of defendants Southern Natural Gas Corporation and El Paso Corporation and against plaintiffs Robert Edmonson and Barbara Edmonson, with the Edmonson plaintiffs taking nothing by their complaint against defendants Southern Natural Gas Corporation and El Paso Corporation.

It is further ORDERED that costs are taxed against the Edmonson plaintiffs, for which execution may issue.

The clerk of the court is DIRECTED to enter this document on the civil docket as a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

from Cooper Cameron; the merits of that claim against the general contractor are not now before the court.